THE CENTRAL BRANCH UNION PACIFIC RAILROAD COMPANY v. L. A. ANDREWS, *et al.*

*Motion for Rehearing.*

THE plaintiff in error filed a motion for a rehearing, which the court sustained at its session in January, 1888. (See *C. B. U. P. Rld. Co. v. Andrews,* ante, p. 162.)

*Per Curiam:* With the declarations of the law as stated in the syllabus filed with the original opinion filed in this case, we are fully satisfied. A reëxamination of the record, how-

ever, convinces us that the trial court committed material error in refusing to permit the witness Challiss to testify as to the admissions made by Mr. Andrews in his lifetime, of the value of the lots in controversy. The alley back of his lots was appropriated by the railroad company about August 1, 1877. There is evidence tending to show that there were brick houses upon the lots at the time of the appropriation of the alley. There is, however, no positive evidence in the record as to the date the houses were built. Mr. Challiss was asked:

"Q. State if you had a conversation with Mr. Andrews in his lifetime in regard to this property. A. Yes, sir.

"Q. About when? A. I could not state; I guess it was before 1880; I won't say positively. It was just about the time he commenced building the brick house which is on the property.

"Q. Did you say 1880? A. I would not be positive.

"Q. You locate it with reference to the time he commenced building the brick house? A. Yes, sir.

"Q. Now state what that conversation was, if at all, to the market value of the property."

Objected to by plaintiff; objection sustained; defendant excepting.

By Mr. WAGGENER:

"We now offer to prove by the witness the market value of that property as placed on it by R. S. Andrews in his lifetime, about the time of the construction of the brick building, and shortly previous to the laying down of the track in the alley."

Objected to by plaintiff; objection sustained; defendant excepting.

By Mr. WAGGENER:

"We offer to prove by this witness that shortly before the commencement of this action, and after the track was laid down in the alley, that he had a conversation with R. S. Andrews with reference to this property, and that Andrews then placed a valuation on the same."

Objected to by plaintiff as incompetent, and not being proper practice.

By the Court:

"I think it is proper practice to make the offer in the way, but I think the evidence is incompetent, and I will sustain the objection for that reason."

Defendant duly excepting.

"Q. State if you had a conversation with Andrews about this property. A. Yes, sir; after I came back from New York to remain here. I haven't been away from here since 1878.

"Q. State what that conversation was, and what R. S. Andrews stated to you about this property."

Objected to by plaintiff; sustained; defendant duly excepting.

"Q. Were you in this city in 1876? A. Yes, sir; I was away for a year and a half, 1875 and 1876; in 1876 up to September, 1876."

This action was originally commenced September 13, 1878. It appears from the foregoing that the statements sought to be introduced were not only competent, but were material and important; therefore the judgment of the district court should be reversed.