The Chicago, Kansas & Western Railroad Company v. The Abilene Town-Site Company.

1. Condemnation Proceeding — *Defective Appeal Bond; Practice.* When the owner of land through which a railroad company by condemnation proceedings procures a right-of-way, appeals from the award of the commissioners, which gives to him as damages the sum of $1,480, and the appeal bond executed in the case is in the amount of $500 only, the appeal itself, when attacked by a motion to quash, is not to be treated as utterly void, for the reason only that the appeal bond is not in double the amount of the award, but it may be treated as sufficiently valid to authorize a trial upon the merits, where no possible harm can result to the appellee by reason of the appeal bond being in a less sum than double the amount of the award.

2. Supreme Court — *Case Submitted by Briefs and Oral Argument — Irregularities.* Where a case has been submitted by both parties to the supreme court fully upon its merits, both by briefs and oral argument, the supreme court may dispose of the case finally, whether previous irregularities have intervened or not.

*Motion for Rehearing.*

The facts are sufficiently stated in the opinion, filed at the session of the court in July, 1889.

*Geo. R. Peck, A. A. Hurd, Robert Dunlap,* and *C. S. Bowman,* for the motion.

*C. F. Mead,* contra.

The opinion of the court was delivered by

Valentine, J.: This case was decided by this court on March 9, 1889, and the judgment of the court below was affirmed. Afterward a motion was made by the plaintiff in error to set aside the judgment of affirmance, and for a rehearing upon two grounds: First, that the judgment of affirmance was erroneous; and second, that the plaintiff in error did not have a hearing before the supreme court. The first question involves only the following question: When the owner of land through which a railroad company by condemnation proceedings procures a right-of-way, appeals from the award of

the commissioners, which gives to him as damages the sum of $1,480, and the appeal bond executed in the case is in the amount of $500 only, must the appeal itself when attacked by a motion to quash, be treated as utterly void for the reason only that the appeal bond is not in double the amount of the award, or may it be treated as sufficiently valid to authorize a trial upon the merits, where no possible harm can result to the appellee by reason of the appeal bond being in a less sum than double the amount of the award? The counsel for the plaintiff in error, in their original brief filed in this court, stated among other things as follows:

"The only error to which we desire to call the attention of the court is the ruling of the court below upon the motion to quash the appeal. This error is such as demands a reversal of the judgment. The record is insufficient to present other errors which were committed. We therefore only present to the court that which of itself demands a reversal of the judgment."

This claim of error was the only one discussed in the original brief. After the decision of the case by this court, and upon the motion for the rehearing, a second brief was filed, which presented and discussed only this one general question along with various incidental questions. A third brief, however, was also filed, which presented the second question above mentioned.

We think the decision of this court heretofore rendered upon the question of the validity of the appeal is correct, and

1. Condemnation proceeding—defective appeal bond—practice.

for the reasons given in the opinion of Commissioner SIMPSON, heretofore filed by this court; but the further question still remains to be considered: Has the plaintiff in error had a rehearing before this court? The plaintiff in error filed in this court a full and complete transcript of all the proceedings had and record made in the court below; and with this transcript it filed a petition in error setting forth all the rulings of the court below of which it complains. Afterward the case was submitted to this court upon printed briefs and an

oral argument as follows: One of such briefs was furnished for each judge of the court and one for each commissioner, and each brief contained eight pages, discussing the single question of the validity and invalidity of the appeal above mentioned. The oral argument, however, was made before the commission only, and not before the court. The order of submission was made by the court, and no order was made by the commission. The commission afterward reported to the members of the court, in full consultation, their views and their conclusions with reference to the case, and the members of the court approved the aforesaid views and conclusions, and ordered an opinion in the case to be prepared. Afterward Commissioner SIMPSON prepared the opinion, and delivered it to the judges of the court, and the judges read and approved the same; and afterward, while in session as a court, filed the same and rendered a judgment thereon affirming the judgment of the court below, which judgment of affirmance is the one now complained of. Afterward a motion for a rehearing was filed and presented to the court, upon which presentation printed briefs were filed, one for each member of the court, and each containing sixteen pages, devoted entirely to the single question of the validity of the aforesaid appeal and such incidental questions as might be connected with this main or principal question. Counsel also made a full oral argument to the court upon this main or principal question, and the questions incident thereto. The plaintiff in error also at the same time filed another brief, and made an additional oral argument upon the following question or proposition, which is stated in their brief as follows:

"Because the said plaintiff in error has not had a hearing before the supreme court, and because the hearing had before the commissioners was without force or effect; that the act creating the commission is unconstitutional and void, and this plaintiff in error has been deprived of its right to be heard before a duly-constituted and legal court."

It would seem that the plaintiff in error has had a pretty full hearing before the supreme court. The supreme court

has had the full transcript of the record from the court below, the petition in error assigning all the rulings of the court below complained of by the plaintiff in error, the original briefs of counsel for the plaintiff in error upon the merits, their second briefs upon the merits, and their oral argument made before the court upon the merits upon the motion for the rehearing. Now without reference to what was done before the commission or by the commission, it would be the duty of this court, in accordance with the universal practice of the court from its organization to the present time, and certainly since the creation and organization of the commission in March, 1887, to the present time, to render just such a judgment as should be rendered in the case upon the merits. More than one hundred cases have been sent to the commission for oral argument in the very same manner that this case was sent to them, and final judgments have been rendered in all such cases by this court before any oral argument was heard by the court. If upon the merits of this case the judgment of the court below ought to be affirmed, then, in accordance with the universal practice in this court, we should affirm our decisions heretofore made, and let the judgment already rendered remain. If, however, the judgment of the court below ought to be reversed, or in any respect modified, then we should reverse or modify our own judgment so as to require the judgment of the court below to be reversed or modified accordingly. This has been the universal practice in this court from the beginning. This case has taken the usual course that other cases have taken since the organization of the commission. The commission was organized in March, 1887, and from that time up to the present time this court has assigned various cases to the commission for consideration. The commission, however, has never rendered any judgment nor made any order in any one of such cases, nor in any other case. All that they have ever done has been to examine the cases sent to them, upon the records, the evidence and the briefs furnished to them, and in some cases upon oral arguments, and to make a report to the court recommending what

judgment or order should in their opinion be rendered or made in the case by the court, and furnishing to the court an opinion in each case. All cases brought to this court are, when brought, filed in the court, and on the final hearing *all cases* are submitted to the court, and not to the commission; but the court assigns many of them to the commission for the hearing of the oral arguments, and for their preliminary examination and recommendation. With respect to oral arguments, the practice of the court has been to call the cases on the day on which they are set for hearing, and when it is ascertained which cases are to be argued orally and which not, the court makes the order for their submission to the court, and takes a portion of the briefs in each case and in all cases, but assigns a portion of the cases with a portion of the briefs in each case, for the hearing of the oral argument and for examination, to the commission; and the court keeps a portion of such cases for the hearing of the oral arguments itself, and keeps briefs in all cases. It is always announced, at the time of the submission of the cases, which cases are to be argued orally before the commission, and which are to be argued orally before the court; and in any case where an expression is made by counsel on either side of a preference to have the case argued orally before the court, the court itself hears the oral argument. No case has ever yet been sent to the commission to be argued orally before them where any preference has been expressed by any person interested in the case that the court itself should hear the oral argument; and it is certainly not disrespectful to the court for counsel or anyone else interested in a case to express to the court a preference for the court itself to hear the oral argument; indeed, such a thing would seem more like a compliment to the court than otherwise.

In about thirty-seven of the cases which have been assigned to the commission for oral arguments, and decided by this court, motions for rehearings have been made; and on the hearing of many of such motions, suggestions have been made that the hearing had in each particular case before the com-

mission was a nullity, for the reason that the legislature has no power to create a commission, but we have never yet considered such a suggestion or question as a material one in the case. Of course, if the commission in legal contemplation is a nullity, then it is a great irregularity to send a case to such commission for oral argument; but up to this time the irregularities thus committed, if they are irregularities, have been without prejudice. In every case which has been or may be decided by this court the parties have a right under our rules to present it again upon its entire merits upon a motion for a rehearing, both upon briefs and upon oral arguments. In sending cases to the commission for oral argument, it is not because of any dislike on the part of any member of this court to hear oral arguments. Oral arguments by able counsel who have thoroughly considered their cases, are great helps to the supreme court, and enable the court to understand the cases much more readily than it could possibly do from briefs alone. As to what this court shall do in the future with respect to the commission, the members of the court have not yet agreed. Up to the time of the decision by the supreme court of Indiana in the case of *The State, ex rel., v. Noble,* 21 N. E. Rep. 244, this court had but little doubt as to the validity of the law creating the commission. But suppose that such law is void, and that the commission is void, and that the hearing had before the commission is void, still the parties to this case 2. Parties have had a full hearing before the court itself; had a full hearing before the supreme court. and it has always been believed that when parties have had a full hearing before the court that they could not ask for anything more in that respect. It is then immaterial to them whether some other body is valid or invalid, or whether it has any power to act or not.

In the case of *The State v. Coulter,* 40 Kas. 673, (20 Pac. Rep. 525, 526,) this court used the following language:

"The objection that the opinion was filed by a commissioner is not well taken. The opinion was prepared by a commissioner, under the direction of the court, but was filed by the court, and not by any commissioner. Under these circumstances, the motion for a rehearing will be denied."

The original opinion in the *Coulter Case* was prepared by Commissioner CLOGSTON, and will be found reported in 40 Kas. 88; (19 Pac. Rep. 368.) The opinion on the rehearing was prepared by the Chief Justice, and was concurred in by the other Justices. It will be found reported in 40 Kas. and 20 Pac. Rep., as above stated. It is really not necessary that anything further should be said in this case than was said on the rehearing in the Coulter case; for both cases, as to oral arguments and other things, have taken in this court and before the commission precisely the same course, and in this respect the two cases are exactly parallel. The Coulter case, however, was a criminal case, while this is a civil case. Now while it is not necessary in this case to say more than was said in the Coulter case, yet, for reasons not necessary now to mention, we have chosen to do so. Many other cases have been sent by this court to the commission for oral argument; in all of which cases except a few remaining cases final judgments have been rendered by this court before any oral argument has been heard by the court, and in many of such cases motions for rehearings have afterward been presented. The rule on the hearing of such motions is to decide the cases finally on such motions. In some of such cases we reverse our former judgments, in others we modify them, and in still others we affirm them; and then, without any further argument or submission, we direct finally, where a direction is necessary, what the lower court shall do. In the most of such cases we do not file any additional opinion. In others of such cases, however, we do file an additional opinion. Among the cases of this kind in which additional opinions have been filed, are the following: *C. B. U. P. Rld. Co. v. Andrews,* 37 Kas. 641; same case, 16 Pac. Rep. 338; *Ashmore v. McDonnell,* 39 Kas. 669; same case, 18 Pac. Rep. 821; *Markin v. Priddy,* 40 Kas. 684; same case, 20 Pac. Rep. 474; *Mawhinney v. Doane,* 40 Kas. 681; same case, 20 Pac. Rep. 488; *Life Association v. Lemke,* 40 Kas. 661; same case, 20 Pac. Rep. 512; *The State v. Coulter,* 40 Kas. 673; same case, 20 Pac. Rep. 525; *English v. Woodman,* 40 Kas. 752;

same case, 21 Pac. Rep. 283; *K. C. Ft. S. & G. Rld. Co. v. Burge,*
40 Kas. 736; same case, 21 Pac. Rep. 589.   In the case of
*Durkee v. Gunn,* 41 Kas. 496, 21 Pac. Rep. 637, the oral
argument was all before the commission, and the court decided
the case upon an opinion prepared by one of its members
without any additional argument.   Afterward a motion for a
rehearing was made and argued orally before the court, and
the court has just overruled the motion and decided the case
finally upon its merits. (41 Kas. 503, 21 Pac. Rep. 1,054.)

There are now just four acts of the legislature having rela-
tion to a commission for the supreme court, to wit: Laws of
1887, chapters 47 and 148; Laws of 1889, chapters 49 and
246.   No two of the judges have yet agreed with reference to
all the questions involved in or concerning the validity or in-
validity of these acts; hence at the present time we could not
well decide any such questions; but even if we were agreed,
would it be proper to decide these questions in this case?
Judge Cooley, in his work on Constitutional Limitations, uses
the following language:

"It must be evident to anyone that the power to declare a
legislative enactment void is one which the judge, conscious
of the fallibility of the human judgment, will shrink from
exercising in any case where he can conscientiously, and with
due regard to duty and official oath, decline the responsibility."
(Cooley, Const. Lim., p. 159.)

"Neither will a court, as a general rule, pass upon a consti-
tutional question, and decide a statute to be invalid, unless a
decision upon that very point becomes necessary to the deter-
mination of the cause.   While courts cannot shun the discus-
sion of constitutional questions when fairly presented, they
will not go out of their way to find such topics.   They will
not seek to draw in such weighty matters collaterally, nor on
trivial occasions.   It is both more proper and more respectful
to a coördinate department to discuss constitutional questions
only when that is the very *lis mota.*   Thus presented and de-
termined, the decision carries a weight with it to which no
extra-judicial disquisition is entitled.   In any case, therefore,
where a constitutional question is raised, though it may be
legitimately presented by the record, yet if the record also
presents some other and clear ground upon which the court

may rest its judgment, and thereby render the constitutional question immaterial to the case, that course will be adopted, and the question of constitutional power will be left for consideration until a case arises which cannot be disposed of without considering it, and when consequently a decision upon such question will be unavoidable." (Cooley, Const. Lim., p. 163.)

It makes no difference in this case whether the acts relating to the commission or the commissioners are valid or invalid, for in whatever way any question concerning such acts might be decided, the decision of this case upon its merits must be the same as it would be if a different decision upon any question growing out of the aforesaid acts were made. The validity or invalidity of the aforesaid acts, or of any portion of any one of them, has no relation whatever to the merits of this this case. What we shall do in the future with reference to the commission we have not yet agreed upon.

The motion for the rehearing will be overruled, and the judgment already rendered by this court will be permitted to stand.

JOHNSTON, J., concurring.

HORTON, C. J., dissenting: This case was assigned for hearing in this court upon the trial docket for the December sitting of 1888, but was continued to the January term for 1889, and assigned for argument on January 2d. When the case was called for hearing, the attorneys of the parties were present, and one of the attorneys for the plaintiff in error announced that the case was to be argued orally. The case was one of those referred to the commission in accordance with the practice followed since March, 1887. The case was then argued orally before the commission, not however in the presence of the supreme court, or any member of the court. Subsequently the commission made its report of the case to this court. Afterward its written opinion was approved, and judgment entered accordingly by this court, without notice to any of the parties of the case, and without any oral argument before this court, or any member thereof. After judgment had

been rendered, a motion for a rehearing of the case was presented by the plaintiff in error to this court, and argued orally. In the motion for a rehearing, objection is taken to the judgment of this court, upon the ground, among others, that the "plaintiff in error has not had a hearing before the supreme court." In the brief filed by the plaintiff in error with the motion for the rehearing, it is said among other things, "That there can be no question under the law, but that upon a proceeding in error from any of the district courts of the state to the supreme court, the plaintiff in error is entitled as a matter of right to a hearing before the court, which right cannot be satisfied by a hearing before commissioners." When the motion for a rehearing was filed, one of the parties, although willing and anxious, had never had any opportunity to argue the case orally to this court, or any member thereof, and yet, notwithstanding this, judgment had been pronounced against this party. I consider that the precise question involved has never been decided by this court, and as it is one of supreme importance, I deem it necessary to present my views thereon. The naked question is, as I understand it, can a suitor be denied the inestimable right of oral argument in this court before judgment? Can this court dispose of any case upon its trial docket, and enter judgment therein, when the parties are ready and willing to be heard orally, without giving the parties an opportunity for oral argument?

If this were an original proceeding in this court in *quo warranto*, *mandamus*, or *habeas corpus*, I think the decisions already rendered are conclusive that oral argument cannot be denied to either party before judgment. In such cases this court is a trier of facts, as well as of law. In *Douglass v. Hill*, 29 Kas. 527, it is said by Mr. Justice BREWER, speaking for the court, that—

"A party to a law suit has a right to be heard, not merely in the testimony of his witnesses, but also in the arguments of his counsel. It matters not how weak and inconclusive his testimony may be, if it is enough to present a disputed question of fact upon which he is entitled to a verdict of the jury, he has a right to present in the arguments of his coun-

8—42 KAS.

sel his views of the case.   This is no matter of discretion on the part of the court, but an absolute right of the party. Courts doubtless may prevent their time from being unnecessarily occupied by prolix arguments, and so may limit the time which counsel shall occupy; and if the restriction is a reasonable one in view of the questions involved, and the testimony presented, there will be no error. (*The State v. Riddle*, 20 Kas. 716.)   But limiting the time of an argument, and refusing to permit any argument at all, are entirely different matters.   The one is the exercise of a discretion, the other is a denial of a right."

In *The State v. Collins*, 70 N. C. 241, it is said:

"'Next to doing right, the great object in the administration of public justice should be to give public satisfaction.' When Sir Walter Raleigh was put on his trial for treason, the judges attempted to stop him in his defense, but he had the manhood to assert his rights. 'My lords,' said he, 'I stand for my life.' Posterity has vindicated him, and condemned his judges."

Although this is a proceeding in error, and not an original case, I do not think this court, considering the practice in existence at the formation and adoption of the constitution, has the power to deny to any party the right to orally present his case by attorney to this court, when the cause is regularly called for hearing.   The court, however, within reasonable rules may limit the time of oral argument, and also require written briefs and abstracts.   Oral argument, in reasonable bounds, is helpful and beneficial to the court, and therefore its denial is both injurious to suitors and the court.   In my own case, as a general thing, I am much better qualified to decide a case which is submitted to me upon oral argument, than upon briefs or abstracts only.   A court, pushed and pressed with business as our court is, ought to have all the help and assistance that oral argument can give.   At least I wish it, if the attorneys are willing to furnish it.   If the court had the power to deny to suitors the privilege of having their cases argued orally when called for hearing, I would not favor its exercise, as it does not give satisfaction to the profession, or to the parties having cases to be decided.   When I was in

the active practice I preferred to argue my jury cases before the jury returned a verdict; I also preferred to argue my law cases to the court before judgment was rendered against my client. I judge others by myself. If some cases are assigned to be orally argued before the commission, and the others are set down for argument before the court, then partiality is shown, unless the suitors have the privilege of deciding whether they will orally argue their cases to the court or to the commission. If the practice of public assignments is to continue, suitors should have the option where to go. That this court, prior to the practice followed since March, 1887, always understood that parties had the right to oral argument of their cases before judgment, is shown by the adoption and publication of the following rule: "One hour only, except with the consent of the court, shall be consumed in the oral argument of a cause, by counsel for either party." This rule is still in force, not modified or repealed, and this rule applies solely to the supreme court, not to the commission, or to any other body. A similar rule has always been in force ever since the existence of the supreme court of the state. A like rule for oral argument was adopted by the supreme court of the territory before the adoption of the state constitution. The judgment in each case must be rendered by this court alone, and this court is solely responsible for the decision. The commission has no responsibility, other than to faithfully and diligently "aid and assist the court in the performance of its [the court's] duties, under such rules and regulations as the court may adopt." The court, however, must read all briefs submitted, and all portions of the testimony or record material in the case. If I am to be held responsible for a decision, I desire to hear the oral argument, if any is made, before my decision is given.

I think the court has the inherent power to call to its assistance, "to aid and assist it in the performance of its duties," amanuenses, clerks, and stenographers, or other persons of like capacity; and also in some cases to appoint referees or commissioners, "to aid and assist in the performance of its duties;" but in no case can the court abdicate its duty and throw upon

its amanuenses, clerks, stenographers, referees or commissioners the judicial duties demanded and required of it by the constitution and laws. In no case, I think, can any judgment be rendered by this court, where the parties have not waived oral argument, until the parties have had an opportunity to orally argue the case, within reasonable rules and regulations. I am of the opinion that only those cases should be referred to the commission, which the parties submit on briefs, and thereby waive oral argument; and where other cases are assigned to the commission, then the report of the commission should be filed in the court and the parties given reasonable time to examine the report and to orally argue the case and report in the court, before the report is acted upon by the court or judgment is rendered. I do not consider a party has his day in court, who is denied oral argument before judgment is rendered against him, unless he waives oral argument.

The intimation in the opinion that the plaintiff in error has had an opportunity to be heard orally before the court upon the motion for a rehearing, and therefore has no reasonable ground of complaint, is to me unsatisfactory. Courts, after all, are only human, and after the members of a court have consulted together over a case, have reached conclusions as to the facts and law involved, have formulated their conclusions in a written opinion, and thereon have rendered judgment, oral argument upon a motion for a new trial, or a rehearing, is not as beneficial as if presented before the decision is given and the judgment rendered. After the judgment is rendered, the party defeated has the laboring oar upon the motion for a new trial or a rehearing. This, in my opinion, places the party who has had no opportunity to orally argue his case before judgment in a disadvantageous position. But if a party is entitled to oral orgument before judgment, can it be fairly said that the law is complied with, if he is only permitted to argue his case upon a motion for a new trial or a rehearing? If he is entitled to an oral hearing before judgment, is the law complied with if he is only permitted to argue the case after judgment?

Again, under the rules of the court, each party is entitled
to one hour for oral argument to present his case.   Upon a
motion for a rehearing, one-half an hour only is given to each
party for oral argument, except in special cases.   It is stated
in the opinion, that "this case has taken the usual course that
other cases have taken since the organization of the commis-
sion."   This does not seem to me to give any valid support
to the conclusion of the majority of the court, if the practice
adopted or followed of refusing oral arguments before judgment
is indefensible, as I claim.   If, to relieve the overburdened
docket, this court has adopted or followed any practice con-
trary to the letter or spirit of the constitution, unjust to suitors,
unfair to the court, or likely to disfigure the reports with
overruled and modified cases, the sooner the vicious practice
is corrected, the better for the court, suitors, and the public.
When convinced that any error or mistake has been committed
by me, I have not that pride of opinion which will permit
me to see the law perverted and injustice done for fear of
being charged with inconsistency.

The case of *The State v. Coulter*, 20 Pac. Rep. 525, is re-
ferred to, to sustain the foregoing opinion.   In that case Coul-
ter was convicted upon one count for the unlawful sale of
intoxicating liquors. (40 Kas. 88.)   Upon the motion for the
rehearing, the facts presented in this case were not urged in
that.   The only reference to the commission in the motion for
the rehearing was as follows:   "Because the said opinion filed
in this case was filed by a commissioner and not by the court."
In the brief filed by the appellant with the motion for the re-
hearing, the reference to the commission was no broader than
in the motion.   I prepared the opinion upon the rehearing,
but did not examine or consider the questions now involved.
No authorities were cited or presented in the Coulter case
upon the question of the right of oral argument; nor were
any authorities cited or presented attacking the constitution-
ality of the acts creating the commission; nor were any au-
thorities cited or presented challenging the practice of this
court, in referring cases to the commission.   In California,

where a somewhat similar statute authorizing a commission is in force, the commission does not, as I am reliably informed, hear oral arguments.    In Indiana, the act authorizing the commission has been declared unconstitutional. (*Hovey v. Noble,* 21 N. E. Rep. 244.)    In Ohio, where commissions have been in existence, the constitution of the state expressly provides for their creation, and the commission in that state is a constitutional body.

If it were intended by chapter 148, Laws of 1887, and chapter 246, Laws of 1889, to deprive this court of the power to hear oral arguments, or if it were intended to confer judicial powers upon the commission (except in a limited degree), or if it were intended to compel this court, *nolens volens,* to refer cases to the commission, then I think the acts would be unconstitutional; but I do not so construe them.    The material part of these acts is as follows:

"The governor of the state of Kansas, by and with the consent of the senate, upon and after the taking effect of this act, shall appoint three persons, citizens of the state, of high character for legal learning and personal worth, as commissioners of the supreme court.    It shall be the duty of said commissioners, under such rules and regulations as said court may adopt, to aid and assist the court in the performance of its duties in the disposition of the numerous cases pending in said court."

The commissioners are merely "to aid and assist the court in the performance of its duties."    Of course, this aid and assistance must be within the limitations of the constitution, and, so long as the duties conferred upon the commission by this court are within the terms of the constitution, said chapters 148 and 246 cannot be declared unconstitutional, nor the duties performed held to be illegal or void.

As before stated, this court has the inherent power to appoint amanuenses, clerks, stenographers, referees, or commissioners, to aid it in the preparation of its opinions; and this court may refer, if it so chooses, any of the numerous cases now pending, or that may hereafter be pending in the court, to such commissioners, and avail itself of their aid and assist-

ance in preparing opinions: this is no imposition on the court. But it may also refuse to refer any case, if it chooses. Within the rules and limitations stated, I think the commission useful and valuable. I highly esteem the members thereof for their learning, ability, and energy; and hence a reference of cases to them, within the foregoing limitations, will be advantageous to the court, the parties, and the public.

In *Hovey v. Noble*, supra, all that was required to be decided was, "that where assistants are necessary to enable judges to discharge their duties, the court must choose those assistants." If the governor appoints assistants, and the court adopts them by referring cases to them, the court substantially chooses the assistants. Again, in the Indiana statute, one of the sections (the 5th) assumes to constitute the persons chosen for the commission, an independent body, and invests them with powers greater than those conferred upon the Indiana supreme court. Said chapters 148 and 246 of this state have no such provision.

As the plaintiff in error, when it filed its motion for a rehearing, had never had any opportunity to orally argue this case in court before judgment was pronounced, and as it never waived its right to oral argument, I have not referred to the merits of the original case, or to the law questions involved therein. In my opinion, the order and judgment of this court should be set aside, and the case set down for argument in due and regular form, as other cases should be heard when parties desire oral argument before judgment.