## Hamilton *against* Calhoun.

| 2 W | 139 |
| d 24 SC | 513 |

Upon a contract for the delivery of specific articles of provision, the produce of a farm, an action can not be maintained for the recovery thereof without proof of a previous demand upon the obligor at the premises.

ERROR to *Alleghany* county.

This was an action of covenant by Andrew Calhoun and Jane his wife against Hugh Hamilton upon articles of agreement, by which, for the consideration of a release of dower, the said Hugh Hamilton covenanted to pay the said Jane " the sum of 33 dollars 33 cents annually during her natural life; 10 dollars of which is to be paid in cash, the residue, or 23 dollars 33 cents, to be paid in trade according to her wants, to wit, grain, meat, hay, &c. at market prices, of any or all such articles as she receives each and every year." The only point of any importance which arose on the trial of the cause, was, whether the plaintiff could recover the value of the specific articles, without proof of a demand before suit brought. The court was of opinion that a demand was not necessary; and so instructed the jury, who found for the plaintiff.

*Forward,* for plaintiff in error.

The opinion of the Court was delivered by

ROGERS, J.—I perceive no error in the record except in the answer of the court to the second point of the defendant's counsel.

Hamilton, in consideration of the dower, covenants that he will pay to the wife of the plaintiff the stipulated sum of 33 dollars 33 cents, during her natural life : viz. " 10 in cash, and the residue, 23 dollars 33 cents, in trade, according to her wants, viz. grain, meat, hay, &c. at market prices, of any or all such articles as she may receive each and every year." The suit is brought to recover damages for the non performance of the agreement, and the question is, whether,

as no day or place is mentioned, the action can be sustained until demand.

There is a difference between a contract for the payment of money and the delivery of specific articles. In a contract for the payment of money, the place of payment is not material; the money is supposed to be with the debtor wherever he may be, and therefore when a demand of money is necessary, it may be made at any place. Not so with respect to specific articles which cannot attend the person of the debtor; they are supposed to be at the debtor's place of residence, and the creditor must there demand the payment.

In the case at bar, if a demand be necessary, no difficulty exists as to the place, as it is evident from the contract, that both parties had reference to the farm on which they resided as the place where the articles were to be demanded and delivered. The contract is for the delivery of the grain, meat, hay, of a stipulated value, as they may be wanted for the support of the widow. She may elect what part she will receive in grain, what in meat, and what in hay, or whether she will receive the whole in the one or other article, or in any other commodity, the product of the farm. It cannot be the duty of Hamilton to make a tender, for, until she makes a demand, it is impossible for him to know what to tender, or in what quantities, or at what time. If a merchant gives a due bill to A, payable in goods, and no time or place of payment be designated, a promise is implied on the part of the merchant, that whenever A shall call at his store and present the due bill, he will deliver to him such articles as he shall select out of the goods on hand. The store of the merchant is the place of payment, and no action can be maintained on the due bill until A shall call at the store of the merchant for the goods, and the merchant shall refuse to deliver such goods as A shall select. *Chitty on Con.* 28; Roberts *v.* Beatty, 2 *Penn. Rep.* 63. In Roberts *v.* Beatty, the general rule of the common law is said to be, that when no time or place is fixed by the contract for the payment or delivery of specific property, there must be an offer or tender, within a reasonable time, to pay or deliver : and that is true, when the article to be delivered is specific and ascertained, as two bureaus. But that cannot be the duty of the obligor, when, as here, the time of delivery, the nature, and quantity of the article depend on the election of the obligee. Lobdell *v.* Hopkins, 5 *Cowen* 516, is in point. That was a suit on a contract for the delivery of produce at the market price; and the same point arose as here. The court held, that a note, payable in specific articles, without mentioning day or place, is in law payable on demand; and a *special demand* is necessary. If payable in merchandize or manufactures, it should be demanded at the store of the merchant, or the shop of the manufacturer.

Judgment reversed, and a *venire de novo* awarded.