THOMAS B. JANNEY and others vs. C. B. SLEEPER.

June 14, 1883.

Change of Venue—Municipal Court of Minneapolis.—The provisions of Gen. St. 1878, c. 66, tit. 4, relating to a change of the place of trial, do not authorize the transfer of an action from the municipal court of Minneapolis to the district court of another county, where defendant resides.

Sale of Merchandise—Place of Delivery—Presumption—Burden of Proof.—The plaintiffs, who were hardware merchants residing and doing business in Minneapolis, where their stock of goods and merchandise was kept and stored at their said place of business, agreed to sell and deliver to defendant, a resident of Brainerd, a bill of glass. Plaintiffs did not at the time have the goods on hand in stock, but had to purchase them elsewhere, in order to fill their contract. *Held*, if the contract was silent upon the subject, the place of delivery must be held to be at Minneapolis; at least, if there were no circumstances showing that a different place was intended. Hence, where, upon the trial, there was a conflict of evidence as to the place of delivery, it was not error for the court to instruct the jury that the burden of proof was upon defendant to show, by a preponderance of evidence, that the glass was to be delivered to him at Brainerd, and not at Minneapolis as claimed by the plaintiff.

This action was brought in the municipal court of Minneapolis, to recover the price of glass alleged to have been sold and delivered to defendant in Minneapolis. The answer sets up as a defence that the contract of sale required a delivery to defendant in Brainerd, and that plaintiffs had failed to make such delivery. Upon the trial, it appeared that the plaintiffs had shipped the glass to defendants by rail, and that it was broken in transit from Minneapolis to Brainerd. Plaintiffs had a verdict, and defendant appeals from the judgment entered thereon.

*C. H. Benton* and *C. D. Kerr*, for appellant.

*Koon & Keith*, for respondents.

MITCHELL, J.   1. The motion for a change of the place of trial of this action from the municipal court of Minneapolis to the district court for the county of Crow Wing, where defendant resided, was properly denied. The provisions of Gen. St. 1878, c. 66, tit. 4, re-

lating to a change of the place of trial, do not apply to the municipal court. They were only intended to provide for a change of the place of trial from the district court for one county to the same court for another county, and were never designed to authorize the transfer of an action from one court to another differently organized and possessing a different jurisdiction, as from a municipal court to the district court, or to a justice of the peace, or from the district court to a municipal court. In expressly providing for the transfer of certain actions under special circumstances from the municipal court of St. Paul to the district court in the county where the defendant resided, (Sp. Laws 1881, c. 378,) we have, at least by implication, a legislative construction to the effect that no such transfer could be made under the provisions of chapter 66 of the General Statutes.

2. The plaintiffs were hardware merchants, whose residence and place of business were in Minneapolis. The defendant resided at Brainerd. The plaintiffs, at their place of business in Minneapolis, agreed to sell and deliver to defendant a quantity of glass. At the time of making the contract, plaintiffs did not have the goods on hand in stock, but had to purchase them in St. Louis in order to meet their contract. The evidence as to the place where the goods were to be delivered to defendant was conflicting; that on the part of plaintiffs tending to prove that they were to be delivered at Minneapolis on the cars, while that on the part of defendant tended to prove that the goods were to be delivered at Brainerd. The court, under the objection and exception of defendant, instructed the jury "that the burden of proof was upon defendant to show by a preponderance of testimony that the glass was to be delivered to him at Brainerd, as he claimed, and not in cars at Minneapolis, as claimed by the plaintiffs." We see no error in this. If no place be designated by the contract, the general rule is that the articles sold are to be delivered where they are at the time of the sale. The store of the merchant, the shop of the manufacturer, and the farm of the farmer, at which the commodities sold are deposited or kept, must be the place of delivery when the contract is silent upon the subject; at least, when there are no circumstances showing that a different place was intended. This is a rule of construction predicated upon the presumed understanding of

the parties when making the contract. Benjamin on Sales, §§ 1018, 1022; 2 Chitty on Cont. 1201, 1202; 2 Kent, 505; *Middlesex Co.* v. *Osgood,* 4 Gray, 447; *Smith* v. *Gillett,* 50 Ill. 290; *Hamilton* v. *Calhoun,* 2 Watts, 139; *Lobdell* v. *Hopkins,* 5 Cow. 516; *Rice* v. *Churchill,* 2 Denio, 145; *Wilmouth* v. *Patton,* 2 Bibb, (Ky.) 280; *Sousely* v. *Burns,* 10 Bush, (Ky.) 87.

This rule is not changed by the fact that plaintiffs did not have the goods on hand at their place of business at the time of the sale, but had to procure them elsewhere in order to fulfil their contract. Potentially and prospectively the goods were as if then situate in their store at Minneapolis. Hence, in the absence of any evidence as to the place of delivery, it would be presumed to be at Minneapolis. To overcome this presumption, some evidence would be required tending to show that some other place was agreed upon. This was, in effect, all that the language of the court implied when he instructed the jury that the burden of proof was upon defendant to show that the goods were to be delivered at Brainerd, and not Minneapolis.

3. In view of their verdict, the jury must necessarily have found against defendant upon those issues upon which depended his right to recover any damages at all. Therefore, it is unnecessary to consider whether the court erred in his rulings as to the measure of damages. One or two other exceptions were taken to the rulings of the court below upon the trial, which we have examined, but find no error. They are not, however, in our opinion, of sufficient importance to require to be here considered at length.

Judgment affirmed.