[No. 12531. In Bank. — March 21, 1889.]

## JAMES W. GATES, RESPONDENT, *v.* CARQUINEZ PACKING COMPANY, APPELLANT.

SALE — DELIVERY TO CARRIER — CONSTRUCTION OF CONTRACT. — Under a contract for the sale of fruit, to be shipped to the buyer by a specified carrier at the expense of the buyer, a daily statement of weights of fruit shipped to be forwarded to the buyer, and the fruit to be weighed by the buyer at place of destination, and notice given to the seller of a substantial difference in weights, and thereupon the fruit to be held for twelve hours for adjustment of weights, the shipping weight to be conclusively taken as correct upon failure to give such notice, *held,* that the fruit was delivered to the buyer immediately upon its delivery to the carrier, and that loss from shrinkage in weight during transit, attributable to natural causes, must be borne by the buyer, notwithstanding the right given by the contract to the buyer to weigh the goods at the place of destination.

APPEAL from a judgment of the Superior Court of Solano County.

The facts are stated in the opinion.

*George A. Lamont,* for Appellant.

*J. F. Wendell,* and *O. P. Dobbins,* for Respondent.

BELCHER, C. C.—This action was brought to recover the sum of $301.60, balance alleged to be due for fruit sold and delivered by plaintiff to defendant. The court below gave judgment for plaintiff, and defendant appealed.

The facts are these: The plaintiff owned a tract of land in Vaca valley, on which he was raising apricots, peaches, and Bartlett pears, and the defendant was engaged in the business of canning fruit at Benicia. On the 15th of October, 1886, the parties entered into a written contract for the sale and purchase of the fruit to be raised on the plaintiff's trees during the five years then next ensuing. The portions of the contract material to the determination of the questions presented on this appeal are as follows:—

"Said party of the first part sells, and said party of the second part buys, said fruit, upon the terms and conditions hereinafter expressed. The party of the first part, at his own cost and expense, shall, during said term, gather said fruit each season when the same is in a suitable condition of ripeness for canning purposes, and deliver the same on board the cars at the railroad station at Vacaville, in said Solano County, consigned to party of the second part at Benicia, in open fifty-pound boxes, such as are now used to transport fruit from said point to canneries. Freight from Vacaville to Benicia, and all charges thereafter, to be paid by said party of the second part. . . . .

"Said fruit shall be consigned to the party of the second part at its cannery at Benicia, in said Solano County, and immediately upon its arrival at said cannery shall be weighed by said party of the second part. . . . .

"The party of the first part shall send to the party of the second part, at the cannery at Benicia, a daily statement of the weights of the fruits shipped that day, and in case the weight at the cannery shall not substantially correspond with the same, or in case the quality of the fruit shall not be according to contract as herein provided, the party of the first part shall be immediately notified by telephone or telegraph, and the fruit shall be held twelve hours for inspection and adjustment of weights, and arrangement as to rebate in case of defective quality, should the party of the second part be willing to accept the same at a rebate. Should said party of the second part fail to give such notice, or so hold said fruit, the quality of the fruit and the shipping weight shall be conclusively taken as correct."

It is further provided in the contract that the fruit "so delivered" shall be of certain sizes and quality, and that for "the fruit so delivered" the party of the second part shall pay certain named prices.

The attorney for appellant states the case very clearly and concisely as follows:—

"It is conceded that plaintiff has fully complied with all the terms of the contract on his part. That the fruit referred to in the contract was properly and correctly weighed at Vacaville, and there placed on board the cars, consigned to the defendant at Benicia.

"It is also conceded that the fruit, as fast as it reached the cannery of defendant at Benicia, was immediately and correctly weighed.

"It is found upon comparison of weights that the defendant's weights fell short of plaintiff's weights. This shortage is conceded to be attributable solely to natural causes,—from evaporation after being placed on board the cars at Vacaville, and while in transit to defendant's cannery at Benicia.

"The only question involved in the case is, Which weights are to govern?—those of plaintiff at Vacaville, or those of defendant at Benicia. In other words, which party, plaintiff or defendant, is to bear the loss of the shrinkage of the fruit after being placed on the cars at Vacaville and while in transit to Benicia?"

The question presented must be determined by a construction of the contract. It is argued for appellant that, looking at the whole contract, the conclusion of the court below was not warranted; but we think it was.

Mr. Benjamin, in his work on Sales, states the rule as to the delivery of goods to a common carrier as follows:—

"It is well settled that the delivery of goods to a common carrier, *a fortiori* to one especially designated by the purchaser, for conveyance to him or to a place designated by him, constitutes an actual receipt by the purchaser. In such cases the carrier is, in contemplation of law, the bailee of the person *to* whom, not *by* whom, the goods are sent, the latter, in employing the carrier, being considered as an agent of the former for that purpose. It must not be forgotten that the carrier

only represents the purchaser for the purpose of *receiving*, not *accepting*, the goods." (Sec. 181.)

And the same learned author further says that even where the vendor agrees to make the delivery at a distant place, "thus assuming the risks of the carriage," his "duty to deliver them in merchantable condition is complied with if the goods are in proper condition when delivered *to the carrier*, provided the injury received during the transit does not exceed that which must necessarily result from the transit." (Sec. 693, 3d Am. ed., and sec. 1040, ed. of 1888.)

Now, the plaintiff's fruit was to be weighed and delivered on board the cars at Vacaville, and the defendant was to pay the freight and all charges thereafter, and also an agreed price per pound "for the fruit so delivered." Under the rule above stated, it must, therefore, be held that the fruit was received by defendant at Vacaville, and the fact that the right was reserved to reject it after its arrival at the cannery, if the plaintiff's weights proved not to be substantially correct, or the quality was not according to contract, is not material. There is a broad difference between the receipt and acceptance of goods. The right to reject goods because they are not of the kind or quality required by the contract is of necessity usually exercised by the buyer after they have been actually received by him. And this is always the case where they are consigned to him from another place. The country buyer may refuse to accept goods ordered from the city merchant, if they prove, when received by him, not to be of the kind or quality ordered; but this does not change the rule that, if they are of such kind and quality, they will be held in law to have been delivered to him at the place of shipment, and to be at his risk while in transit.

In this case it was expressly stipulated that if defendant should reject any fruit because of a substantial inaccuracy in plaintiff's weights, notice by telephone or

telegraph should be immediately given to plaintiff, and in case of a failure to give such notice, the "shipping weights" should be conclusively taken as correct.

The shipping weights were the plaintiff's weights, and for what purpose were they to be deemed conclusively correct? We can see but one purpose, and that is to fix conclusively the number of pounds received and to be paid for by defendant.

There is nothing in the balance of the contract necessarily in conflict with this view, and we therefore conclude that the judgment was right, and should be affirmed.

FOOTE, C., concurred.

HAYNE, C., concurred in the conclusion.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.