GEORGE A. KESSLER and another *vs.* JOHN F. SMITH.

February 10, 1890.

Sale—Written Order Solicited by Seller.—An order for goods which is sought and procured by the seller is to be deemed accepted by him at once, and, if signed by the buyer, becomes a contract binding on him, within the statute of frauds.

Same—Parol Evidence to Vary.—The terms of such contract cannot be varied by parol evidence showing that at the time it was made it was agreed that the buyer might countermand the order.

Same—Delivery to Carrier.—Delivery to the carrier at the seller's place of business is a sufficient delivery, where the goods are to be sent by a common carrier.

Appeal by defendant from an order of the district court for Ramsey county, refusing a new trial after a trial before *Kelly,* J., and a verdict of $918.47 directed for plaintiffs.

*C. D. & Thos. D. O'Brien,* for appellant.

*John D. O'Brien,* for respondents.

VANDERBURGH, J.    One of the plaintiffs solicited and received the following order for the sale and delivery of goods, made and signed by the defendant:  "St. Paul, May 5, '87.    Messrs. George A. Kessler & Co., New York—Gents:  Please ship me following goods via rail:  Released 5 bbls. U. S. Monogram Rye, at $4.00 per gal.    Rebate of 25

cents per gal. Terms, bill dated June 1st, less 4 per cent.—30 days. Whisky to be shipped not before June 1st. (Freight.) And obligo, respectfully, JNO. F. SMITH." In pursuance of the order, the plaintiffs thereafter, on June 2d, shipped the goods, as ordered, to the defendant at St. Paul, and sent him the account and bill of lading therefor. They were also received in due course at the freight-house of the carrier, in St. Paul, and the defendant duly notified of their receipt, and the goods are still there.

1. Plaintiffs' procuring and receiving the order was an acceptance. It thereupon became an agreement for the purchase of the goods, binding upon the defendant; and it was sufficient, within the statute of frauds, that it was signed by him as the party to be charged. It was not necessary that plaintiffs' acceptance should be signified by writing. There must be a proposition by one party accepted by the other, which may be by some appropriate act. *White* v. *Corlies,* 46 N. Y. 467; *Howard* v. *Daly,* 61 N. Y. 362.

2. The defendant proposed to prove that when the contract was made it was agreed that defendant might, at his option, countermand the order before delivery of the goods. The offer was properly rejected. The evidence was clearly inadmissible. The parties could not be permitted to vary the terms of the written agreement by showing that there were other conditions, agreed on at the time, qualifying the terms of the contract.

There was a sufficient delivery, and the plaintiffs were entitled to recover. *Janney* v. *Sleeper,* 30 Minn. 473, (16 N. W. Rep. 365.) The case is "on all fours" with *Wemple* v. *Knopf,* 15 Minn. 355, (440,) and nothing need be added to what is there said.

Order affirmed.