ANTHONY SCHWARTZ and Another v. CHURCH OF THE HOLY CROSS OF MINNEAPOLIS.[1]

February 1, 1895.

No. 9019.

**New Trial.**

An order granting a new trial on the ground that the verdict was not justified by the evidence affirmed, under the rule of Hicks v. Stone, 13 Minn. 398 (434).

**Sale of Church Altar—Acceptance.**

When plaintiffs furnished and set up in defendant's church three altars, the defendant promptly notified them that it refused to accept them, because not according to contract, and requested plaintiffs to remove them. This notice and request were frequently repeated, but plaintiffs failed to remove the altars, and allowed them to remain in the church, which was used by defendant for purposes of worship. While the altars remained in the church, after such notice of nonacceptance and request to remove them, the defendant used one of them for the purpose of celebrating mass, but there was no evidence that such use impaired the condition or value of the altar. *Held* that, under the circumstances, such temporary use did not amount, as a matter of law, to an acceptance of the altars; that, at most, it was merely evidence from which the jury might have found an acceptance.

**Delivery and Acceptance.**

The distinction pointed out between "delivery," which will pass title to the vendee, and "acceptance," of the property, as performance of the contract, which will bind him to pay for it.

[1] Reported in 62 N. W. 266.

Appeal by plaintiffs from an order of the district court for Hennepin county, Jamison, J., granting defendant's motion for a new trial. Affirmed.

*Van Fossen, Frost & Brown,* for appellants.

*Cobb & Wheelwright,* for respondent.

MITCHELL, J. This action, which was brought to recover the contract price of three altars constructed for defendant, and set up in its church, was tried and submitted to the jury entirely upon the issues—First, whether the altars were a substantial performance of the contract between the parties; and if not, second, whether the defendant had accepted them as such. The trial court set aside a verdict in favor of the plaintiffs, and the only question on this appeal is whether the preponderance of evidence upon either or both of these issues was so "manifestly and palpably" in favor of the verdict that it was error for the court to set it aside.

1. The evidence is so strong to the effect that the altars furnished were different from and inferior to the requirements of the contract, in style of dome, carving, profile, and general workmanship, that, even giving plaintiffs the full benefit of the doctrine of "substantial compliance," the verdict could not have been sustained on the ground that defendant was bound to accept the altars as a performance of the contract.

2. To establish an acceptance of the altars, so as to bind the defendant to pay for them, the plaintiffs rely—First, on a trifling payment of $10 on the purchase price; and, second, the use of the main altar after it was set up in the church. The $10 was paid to an employé of plaintiffs, who had been sent up to Minneapolis to set up the main altar, as a mere matter of accommodation to him, and on his representation that he was short of funds to pay his expenses home. And, while it was undoubtedly intended as a provisional payment on the purchase price of the altars in case the contract was fully performed, yet the payment, under the circumstances, is of practically no weight whatever as tending to prove an acceptance.

3. From the time the main altar was set up, in October, in an incomplete state, the defendant's officers expressly and repeatedly made known to plaintiffs their objections to it, and their refusal to accept it, because not in accordance with the specifications of the

contract. When the side altars arrived, in December, defendant's priest at first positively refused to allow them to be set up in the church, and finally consented to its being done at the urgent solicitation of the plaintiffs, and only on the express condition that such fact would not be deemed an acceptance. After the altars were all set up, the defendant repeatedly notified the plaintiffs that it would not accept them, and requested plaintiffs to remove them from the church, which they failed to do. It is very clear from the evidence that defendant never intended to accept the altars, and that plaintiffs must have understood that fact. Defendant never asserted any claim to the altars, and never did anything to prevent plaintiffs from removing them; but while they remained in the church, after defendant's refusal to accept and notice to remove them, it did use the main altar for the purpose of celebrating mass. The precise nature and extent of this use does not appear, but there is no evidence that it at all affected either the condition or value of the altar. The church in which it was standing was used by defendant for purposes of worship, and presumably some altar was necessary in its services. While the law is quite strict in holding that, if an article is not according to contract, the vendee must exercise the right of rejection within a reasonable time, and as acts speak louder than words, it is undoubtedly true that if, after inspection, the vendee uses the property in a way in which he would have no right to use it unless he was owner of it, such use will, as a general rule, be deemed an acceptance, however much he may protest in words that he does not and will not accept, yet we do not think that the temporary use of this altar, while it remained in the church under the circumstances named, was such an act of dominion over it as would amount, as a matter of law, to an acceptance. If it had appeared that the use was such as to affect the condition or value of the property, a different case would have been presented. Even if the act was one from which the jury might have found an acceptance, it was certainly not evidence of so persuasive a character as to require any such finding, or "so manifestly and palpably" in favor of it as to make it error for the court to grant a new trial.

It is unnecessary to consider counsel's contention that, under the terms of the contract, the delivery of the altars to a carrier in Illi-

nois was delivery to the defendant, so as to pass the title. Conceding this to be so, still the defendant was entitled, before acceptance, to a reasonable opportunity of inspecting the altars after they were set up in the church. Counsel confounds "delivery" with "acceptance," which are two entirely different things. The carrier would not be the agent of defendant to accept the property as corresponding with the contract, although he might be its agent to receive and transport it. Even if the point could be made on this appeal, we see no error in the receipt of the testimony of defendant's witnesses as to the differences between the altars furnished and the requirements of the contract.

Order affirmed.