Argued 13 February; decided 27 March, 1899.

## DAVID *v.* ANDERSON.

[56 Pac. 523.]

SPECIFIC PERFORMANCE—INDEFINITE CONTRACT.—The consideration for an agreement to convey lands was the payment of a sum of money, and the delivery on demand, "at the mill," of lumber which the vendor intended to use in a house situated not far from the premises in question. The lumber had not yet been manufactured, and the vendee owned a sawmill at a distance, from which it could be transported only at considerable expense to the place where the vendor intended to use it. It was the intention of the parties that the vendee should erect a sawmill on the lands purchased. The testimony as to the mill at which the parties intended the delivery to be made was conflicting. *Held*, that the new sawmill was the one at which the tender of the lumber should have been made.

From Lane :   J. C. FULLERTON, Judge.

Suit by Charles R. David against L. F. Anderson to compel a certain agreement to be carried out.   Defendant appeals from a decree as prayed.

                                               REVERSED.

For appellant there was a brief and an oral argument by *Mr. A. C. Woodcock.*

For respondent there was a brief and an oral argument by *Messrs. Andrew M. Crawford* and *Wm. R. Willis.*

MR. JUSTICE MOORE delivered the opinion.

This is a suit to enforce the specific performance of a contract of which the following is a copy : "Glenada, Oregon, April 25, 1893.   State of Oregon, County of Douglas.   This indenture witnesseth that Fred Anderson, party of the first part, of the state and county aforesaid, and Charles R. David, party of the second part, of the County of Lane and state aforesaid, agree to act and abide by the following articles of agreement :

Fred Anderson, his heirs and assigns, agrees that Charles. R. David make the following payments, as described below. Then, on receipt of the last payment, Fred Anderson will make a good and sufficient warranty deed to Charles R. David to the following described land, towit : One acre of land, together with a strip of land sixteen feet wide, running northwest along a creek from said acre of land to the half section line, said acre of land lying on the bank along the northeast side of an old ditch known as 'Anderson's Ditch,' and west of the center of the southeast quarter of section twenty-seven (27), town. nineteen (19) south, range twelve west ; outside bounds of said acre of land marked by cedar stakes at each corner. Charles R. David, his heirs and assigns, party of the second part, agrees to pay to Fred Anderson fifty dollars and five hundred feet of cl. flooring, as follows : Ten dollars down, the receipt acknowledged, and ten dollars one month after date, ten dollars two months after date, ten dollars three months, and ten dollars four months after date. Flooring to be paid on demand at the mill. Charles R. David also agrees to build a bridge over flume for Fred Anderson's use, and build a good fence around said acre of land, and to not trespass on Fred Anderson's land without permission. The essence of this contract is the making of the payments. If said payments are not made in full, then this contract becomes void, and whatever payments are made forfeited. L. F. Anderson. [Seal.] Charles R. David. [Seal.] Witnesses : Geo. V. Brainerd, S. B. Calvin.''

The parties having surveyed the tract intended to be conveyed, plaintiff fenced it ; erected a two-story frame building thereon, which was burned ; paid defendant the sum of $50 within the specified time ; manufactured at his mill at Glenada the quantity of clear flooring agreed upon ; and notified defendant that the lumber

was ready for delivery, and requested him to take it away, and thereupon demanded of him a deed to the land; but, defendant refusing to execute the conveyance, this suit was instituted. Plaintiff, after alleging the facts hereinbefore stated, further avers: "That at the time of making said agreement it was the intention of the plaintiff to build a sawmill on the acre of land, and to construct a flume upon the strip of land sixteen feet wide, and it was in reference to this expected use of the strip of land that the agreement provided that plaintiff should build a bridge over the flume. Plaintiff shows that there is no flume on the premises, and that, until the flume shall be constructed, the requirement as to the bridge is not in force." The defendant denies the material allegations of the complaint, and avers that, as a part of the consideration for the conveyance of the premises, it was mutually agreed that plaintiff would forthwith erect a sawmill thereon, and that the mill mentioned in the agreeement as the place where the lumber was to be delivered was understood by the parties as the mill which was to be erected on said land. The reply having put in issue the allegations of new matter contained in the answer, a trial was had, and, from the evidence taken by the referee, the court found the facts, in substance, as hereinbefore detailed, and thereupon awarded the relief demanded in the complaint, from which defendant appeals.

The only question presented for consideration is, what mill was understood by the parties as the one at which the flooring was to be delivered, plaintiff maintaining that it was the mill which he was operating in Lane County, while defendant insists that it was the one he intended to erect on the land which he agreed to purchase, and each testifies in accordance with the theory for which he contends. The evidence having been taken

by a referee, the lower court did not see the witnesses nor hear them testify, and, therefore, enjoyed no advantages superior to those possessed by this court in determining the weight of the evidence; and, such being the case, presumptions and deductions from the surrounding circumstances must be invoked in aid of the solution of the question.

The evidence tends to show that, when the contract which forms the subject of this suit was consummated, plaintiff owned but one mill, which was located at Glenada, a point about six miles from defendant's residence; that to transport lumber from such mill to defendant's house, where the flooring was to be used, required that it should be hauled to Clear Lake, across which it was necessary to take it on a scow, and by land the remainder of the way; and that such handling of the lumber would greatly augment its original cost. The rule is well settled that a failure of the parties to designate in a contract the place where goods are to be delivered raises the presumption that they are to be delivered where they are deposited or kept at the time the contract was entered into or at the mill where they are manufactured: *Sousely* v. *Burns' Administrator*, 10 Bush, 87; *Middlesex County* v. *Osgood*, 4 Gray, 447; *Janney* v. *Sleeper*, 30 Minn. 473 (16 N. W. 365); *Hamilton* v. *Calhoun*, 2 Watts, 139. In the case, at bar, however, the contract specified that the flooring was to be delivered "at the mill," and the evidence shows that the lumber was not in existence when the agreement was consummated; and inasmuch as plaintiff, at that time, intended to erect a sawmill on the tract of land which defendant contracted to convey to him, the presumption of the place where it was to be delivered might apply as well to one mill as to the other. But the extra expense which would necessarily be incurred in transporting lumber from Glenada to de-

fendant's home tends strongly to show that the parties understood that the flooring was to be manufactured, and therefore delivered, at the new mill. In view of the irreconcilable conflict in the testimony, and of the necessity of invoking presumptions and deductions to interpret a written contract which should have been specific in its terms, we think plaintiff has not established his right to a specifie performance thereof, and that he should, as a condition precedent to such right, have tendered to defendant the flooring at the site of the new mill; and, such being the case, it follows that the decree is reversed, and the suit dismissed.

REVERSED.