MOBILE FRUIT & TRADING COMPANY v. PHILIP F. McGUIRE
and Another.[1]

October 19, 1900.

Nos. 12,246—(45).

### Contract of Sale—Place of Delivery—Title.

If no place of delivery is specified in the contract of sale, and there are
no circumstances showing a different intent, the general rule is that the
articles sold are to be delivered at the place where they are at the time
of the sale, and that their delivery to the proper carrier is a delivery to
the buyer, and that the title passes to him subject to his right of inspec-
tion and rejection of the goods on arrival, if found not to be in accord-
ance with the contract. The buyer, however, unless otherwise agreed,
assumes the risk of deterioration in the goods necessarily incident to the
course of transportation.

### Risk of Deterioration—Findings.

Rule applied, and *held* that the findings and decision of the trial court
that the plaintiff sold and delivered certain fruit to the defendants,
which was accepted by them, is sustained by the evidence.

Action in the municipal court of St. Paul to recover a balance of
$117.11 for goods sold and delivered. The case was tried before
Hine, J., who found in favor of plaintiff. From an order denying a
motion for a new trial, defendants appealed. Affirmed.

*John L. Townley,* for appellants.

*John B. & E. P. Sanborn,* for respondent.

START, C. J.

This action was brought to recover the balance of the purchase
price of a car of bananas alleged to have been sold and delivered to
the defendants. The trial court's findings of fact and conclusions
of law were to the effect that on August 20, 1898, the plaintiff sold
and delivered to the defendants 389 bunches of bananas, for the
agreed price of 75 cents per bunch, amounting in all to $291.75, no
part of which had been paid except $182.89, and that the plaintiff
was entitled to judgment for the balance, $108.86. The defendants
appealed from an order denying their motion for a new trial.

[1] Reported in 83 N. W. 833.

The question for our decision is whether the court's findings are sustained by the evidence. It appeared from the undisputed evidence that the plaintiff was an importer and dealer in bananas at Mobile, Alabama, and that the defendants were dealers in fruit, including bananas, at St. Paul, Minnesota. On August 19, 1898, the plaintiff, at the place of its residence and business, wired the defendants, offering them bananas at a stated price, and on the next day repeated the offer, but at a less price. Thereupon the defendants wired the plaintiff as follows:

"St. Paul, August 20, 1898.

Mobile Fruit & Trading Co.,
        Mobile, Alabama:
    Will take two cars at seventy-five, fruit to be green and fancy, messenger through. Answer.        McGuire & Mulrooney."

The plaintiff answered this telegram as follows:

"Mobile, Alabama, August 21.

McGuire & Mulrooney,
        St. Paul, Minnesota:
    Steamer arrived. If quick, will ship at eighty, messenger through.        Mobile Fruit & Trading Co."

To this dispatch the plaintiff received no reply, and later on the same day wired the defendants as follows:

"Mobile, Alabama, August 21, 1898.

McGuire & Mulrooney,
        St. Paul, Minn.:
    Shipped Armour 5,438, Mobile & Ohio 15,209, your offer, Burlington route.        Mobile Fruit & Trading Co."

These telegrams constitute the contract between the parties for the sale of the bananas. It is substantially admitted by both parties that they understood from these telegrams that the sale was for two car loads of green and fancy bananas, at 75 cents per bunch, the cars to be accompanied to their destination by a messenger. It is also practically admitted that the plaintiff loaded two cars with bananas at Mobile, Alabama, and delivered them to the proper carrier, a railway company, for transportation to the defendants at St. Paul, taking a bill of lading therefor in their names as consignees, and sent with the cars a messenger. The weather was ex-

tremely hot, and one car by reason thereof became overripe, and was, by direction of the plaintiff, diverted at La Crosse, Wisconsin. The other car was diverted at St. Paul, by the direction of the defendants, to Minneapolis, and the bananas were received by the Connery Fruit Company, to whom the defendants had sold the car load. The bananas were not green and fancy when so received at Minneapolis and one third of them were overripe, and more or less mashed. Other than as here stated, the evidence and the claims of the respective parties are conflicting.

The plaintiff claims that the place of delivery of the fruit was Mobile, and that the delivery to the carrier was a delivery to the defendants, and the title then vested in them, and were thereafter at their risk. The evidence on the part of the plaintiff tends to show that the bananas when delivered to the carrier were green and fancy and in accordance with the contract. The defendants claim that the place of delivery was St. Paul, and that the bananas were to be green and fancy when they were delivered to them, subject to their inspection and rejection if not then found to be in the condition called for by the contract. They gave evidence tending to show that the bananas could not have been green and fancy when delivered to the carrier; that the messenger was negligent in the management of the fruit in transit, whereby it was deteriorated; and that they refused to receive it on its arrival, and that the plaintiff's messenger turned it over to the Connery Fruit Company, to be sold on plaintiff's account. The evidence fairly justifies the conclusion that the bananas were green and fancy when delivered to the carrier, and that their deterioration in transit was due, not to any fault on the part of the messenger, but to the extreme hot weather.

The real question, then, is, upon whom was the risk of deterioration in the fruit necessarily incident to the course of transit? If it was upon the defendants, then the findings and decision of the trial court are sustained by the evidence; if upon the plaintiff, they are not so sustained, unless the evidence justifies the conclusion that the defendants accepted the fruit after an opportunity to inspect it. The rules of law applicable to these questions are well settled. If no place of delivery is specified in the contract of sale, and there are no circumstances showing a different intent, the gen-

eral rule is that the articles sold are to be delivered at the place where they are at the time of the sale, and that their delivery to the proper carrier for transportation to the buyer is a delivery to him, and the title passes to him, subject to his right of inspection and rejection of the goods on arrival, if found to be not in accordance with the contract. But the buyer, unless otherwise agreed, assumes the risk of deterioration in the goods necessarily incident to the course of transportation. 1 Benjamin, Sales, §§ 127, 144, 147; Janney v. Sleeper, 30 Minn. 473, 16 N. W. 365; Kessler v. Smith, 42 Minn. 494, 44 N. W. 794; Schwartz v. Church of the Holy Cross, 60 Minn. 183, 62 N. W. 266; English v. Spokane Com. Co., 15 U. S. App. 218, 6 C. C. A. 416; Gates v. Carquinez, 78 Cal. 439, 21 Pac. 1; Lord v. Edwards, 148 Mass. 476, 20 N. E. 16; Mee v. McNider, 109 N. Y. 500, 17 N. E. 424.

Now, construing the telegrams constituting the contract of sale in the light of these rules, and without reference to the subsequent conduct of the parties, it is clear that the plaintiff was bound to deliver to the carrier at Mobile for the defendants two car loads of green and fancy bananas, and send with them a competent messenger. If the plaintiff did so deliver and forward the bananas, and they were then green and fancy, the fact that they deteriorated in transit, and were not such when they arrived at St. Paul, would not justify the defendants in refusing to accept them; for the risk of such deterioration was assumed by the defendants.

The defendants, however, claim that the subsequent conduct of the parties shows that it was intended by the parties that the bananas were to be accompanied by, and to remain in the possession and control of, the plaintiff's messenger until their arrival at St. Paul, and that he was to deliver them there, green and fancy, to the defendants. There was evidence fairly tending to support this contention, for the evidence was undisputed that the messenger was sent with the cars by the plaintiff, with instructions to look after the fruit in transit, deliver it as green as possible, and take receipt from consignee, showing its condition; also that he reported while the fruit was in transit its condition to the plaintiff, who on receipt of the report diverted one of the cars at La Crosse, without the knowledge of the defendants. But, upon the whole evidence,

we have with some hesitation reached the conclusion that the questions as to the place of delivery of the fruit and upon whom was the risk incident to its transportation were questions of fact for the trial court, and its findings thereon cannot be disturbed. We are also of the opinion that the finding of the trial court to the effect that the defendants accepted the car of bananas which reached its destination is sustained by the evidence.

The defendants further claim that because the fruit was perishable, and one car of it was wholly destroyed by the hot weather, and that in the other car partially so, they were not bound to accept any of the fruit. However this may be, the fact remains that they did, as the court, in effect, found, accept that part of the fruit which did not perish. Such being the case, they ought to pay for what they actually accepted.

Order affirmed.