## W. R. GILFOIL and Another v. WESTERN MANUFACTURING COMPANY.[1]

June 18, 1909.

Nos. 16,116—(97).

**Sale—Complaint—Statute of Frauds.**

Action by purchaser to recover the purchase price of goods remaining on hand after a stipulated time according to the contract of purchase. *Held*,

[1]Reported in 121 N. W. 904.
108 M.—13.

the action was not prematurely brought, the contract involved was not within the statute of frauds, and within the liberal rule of construction, applicable as against a demurrer, the complaint states a cause of action for breach of contract.

Action in the municipal court of Minneapolis to recover $165.01 for merchandise and $100 damages for breach of contract. Defendant demurred to the complaint on the ground that it did not state a cause of action. From an order, Waite, J., overruling the demurrer, defendant appealed. Affirmed.

*Mead & Robertson,* for appellant.
*Benton, Molyneaux & Morley,* for respondents.

LEWIS, J.

The complaint states that respondents were copartners doing business in Omega, in the state of Louisiana; that on March 21, 1907, the parties to this action entered into a certain written contract for the purchase by respondents of certain jewelry from appellant. The complaint sets out the contract, and alleges that respondents performed all the conditions of the contract, except as therein stated, admits that respondents failed to furnish to appellant the first bimonthly itemized statement of goods on hand, as required by the contract, but alleges that on the first and fifth days of June, 1907, they furnished appellant with an itemized statement of all sales made by them; that appellant accepted such statement, and wrote respondents a letter advising them to thereafter send appellant a bimonthly itemized statement of all goods left on hand, thereby waiving the omission above stated. The complaint alleges that respondents received the goods on April 7, 1907, and that they paid for the same on the twenty-seventh of April following the sum of $181.30, which was accepted by appellant. The complaint further states that within less than three months from the date thereof appellant sold goods of the same character and description to another party engaged in the same line of business between Tallulah and Henderson, at which last-mentioned town was located J. Stein & Company, doing the same kind of business; that on the twenty-fifth of March, 1908, respondents had on hand certain goods (giving description of the same); that they had endeavored to sell the same, kept the jewelry displayed, advertised it for sale, but were

unable, within one year from the date of the invoice referred to in the contract, to sell sufficient of it at retail prices to equal one and one-half times the amount of the order; that the goods remaining in their possession on the twenty-fifth day of March, 1908, at the invoice price, amounted to $165.01; that respondents had offered to return the goods to appellant, but that the same were refused. For a second cause of action, damages in the sum of $100 were claimed for selling the same line of goods to another party within a certain district. Demurrer was filed to this complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

1. Appellant submits that the action to recover is premature, for the reason that by the terms of guaranty appellant was not under any obligation to receive the unsold goods and pay for the same in cash until the termination of five years from the date of the invoice. The argument is based upon the words "at the expiration of this agreement," found in that portion of the contract referring to "Sales Guaranteed." This construction is unwarranted. The several provisions of the contract have reference to three distinct periods of time: First, under "Warranty," where it was agreed that at any time within five years any article of jewelry not giving satisfaction might be returned and a new one furnished in its place, free of charge. Second, under "Goods Exchanged," which provided that any jewelry not selling readily might be exchanged for any jewelry in stock, if exchanged within one year from the date of invoice, then the seller agreed to redeem all the goods at that time remaining on hand for cash. The term "at the expiration of this agreement" refers to the specific date mentioned in that part of the contract, viz., "within one year from date of invoice," and does not refer back to the five years mentioned under the head of "Warranty."

2. Although the order, or contract, was not signed by appellant, it was signed by the purchasers, and the goods were accepted by them, and so the contract became binding, and was not void under the statute of frauds. Kessler v. Smith, 42 Minn. 494, 44 N. W. 794.

3. The allegations as to damages for selling the same line of goods to another party in the prohibited district are not very definite, but under the rule of liberal construction sufficient.

Affirmed.