## LIEB PACKING COMPANY v. H. R. TROCKE.[1]

### April 27, 1917.

### Nos. 20,218—(62).

**Sale — appropriation — passing of title upon delivery to carrier.**

1. In case of an executory contract to sell goods to be thereafter ascertained, the title passes when goods conforming to the contract are appropriated to the contract. The obligation of the buyer to pay the price arises on the passing of title. Delivery of goods conforming to the contract by the seller to a common carrier consigned to the buyer, is an appropriation, and title passes though the buyer has a right of inspection on arrival.

**Deposition of nonresident.**

2. Where the deposition of a witness is taken outside of the state, and in it the witness testifies that he is a nonresident of this state, no further proof of cause for using the deposition is required.

Action in justice court to recover a balance of $19.80 for goods, wares

[1]Reported in 162 N. W. 499.

and merchandise sold. From the judgment of the justice in favor of plaintiff, defendant appealed to the municipal court of St. Paul, where the appeal was heard before Finehout, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Harry S. Locke,* for appellant.

*William B. Henderson* and *Earl H. Miller,* for respondent.

HALLAM, J.

Plaintiff is an oyster packer at Baltimore. Defendant is a restaurant keeper in St. Paul. In 1914, defendant wrote plaintiff: "Ship to Trocke Cafe, at St. Paul, Minn. At Once, Trial Order."

On October 27 defendant wrote plaintiff: "Please ship us one 5 gal. can of Extra Sel. to arrive Monday and one 5 gal. can Thursday each week."

Pursuant to this order plaintiff made shipments by express from time to time and defendant made payments generally on account from time to time. A dispute arose as to the number of shipments made. Plaintiff claimed it had made shipments to the total of $364.15. Defendant claimed that the shipments totaled $344.35. This amount defendant paid. This action was brought to recover the difference of $19.80 which plaintiff claims to be due. The trial court found for plaintiff; defendant appeals.

1. The evidence shows that goods to the amount claimed by plaintiff were shipped by plaintiff from Baltimore consigned to the defendant at St. Paul. This is sufficient to sustain plaintiff's case, even though some of the goods may not have reached the defendant.

This is a case of an executory contract to sell goods to be thereafter ascertained. When the title passes the vendee becomes liable to pay the price. Title passes when goods conforming to the contract are appropriated to the contract. Appropriation is the act of both parties, but one party may, by agreement express or implied, authorize the other to act for him in making the appropriation. The nature of the transaction between these parties was such that it was clearly contemplated that the seller should make the appropriation. See Hoover v. Maher, 51 Minn. 269, 53 N. W. 646.

Delivery by the seller to the buyer is an unequivocal act of appropriation. The contract in this case is silent as to the place of delivery. In such case, the general rule is that the articles sold are to be delivered where they are at the time of the sale. If the seller does not have them on hand at the time of the sale and they are such as he keeps and disposes of at the place where he does business, then that is the place of delivery. Janney v. Sleeper, 30 Minn. 473, 16 N. W. 365; Mobile F. & T. Co. v. McGuire, 81 Minn. 232, 83 N. W. 833.

If the parties reside in different cities, and shipment of the goods is contemplated, then delivery takes place when the goods are selected and delivered to the carrier for shipment consigned to the buyer. Kessler v. Smith, 42 Minn. 494, 44 N. W. 794; Schwartz v. Church of the Holy Cross, 60 Minn. 183, 62 N. W. 266.

Applying these principles, it is clear that the title passed when the goods were delivered by plaintiff to the express company for shipment to defendant.

It is true the defendant had the right to inspect the goods on arrival, and if they never arrived, he had no opportunity to exercise this right, but this did not prevent title from passing. The right of inspection is only a right to examine the goods to see whether they conform to the contract. If they do so conform, the title is held to have passed as of the date of shipment. Williston, Sales, § 473; Brigham v. Hibbard, 28 Ore. 386, 43 Pac. 383; Orcutt v. Nelson, 1 Gray (Mass.) 536, 543; Mobile F. & T. Co. v. McGuire, supra. The purchaser has, by the making of the contract, committed himself in advance to the acceptance of goods. The fact that the carrier does not carry the goods through, so as to give the buyer an opportunity to inspect, is no fault of the seller. The carrier may be liable for his failure. The carrier is the buyer's agent. As between seller and buyer, the goods while in transit are at the risk of the buyer. The fact that they are lost in transit does not affect the passage of title. Kelsea v. Ramsey Mnfg. Co. 55 N. J. Law, 320, 26 Atl. 907, 22 L.R.A. 415.

2. The depositions of three witnesses were taken at Baltimore, Maryland. Each witness testified that he lived and was engaged in business in the state of Maryland. Section 8395, G. S. 1913, provides: "No deposition shall be used if it appears that the reason for taking it no

longer exists; but, if the party producing the deposition in such case shows sufficient cause then existing for using the same, it may be admitted." The necessity for using the deposition may appear from the testimony of the witness himself. These witnesses having testified that they resided in the state of Maryland, that was sufficient reason for taking and using their depositions. Their continued residence there will be presumed until the contrary is shown. It was not necessary to make further proof that the witnesses were not within the jurisdiction of the court. Sells v. Haggard & Co. 21 Neb. 357, 32 N. W. 66; Gould v. Crawford, 2 Pa. St. 89; Patapsco Ins. Co. v. Southgate, 5 Pet. 604, 8 L. ed. 243.

Order offirmed.