## Sussman Bros. v. Meier, Appellant.

*Contract — Sales — Section 43, Sales Act of 1915 — Delivery of goods—Place of delivery—Default.*

Where a contract for the sale of goods is silent as to the place of delivery, section 43 of the Sales Act of 1915, P. L. 543, 554, supplies the omission and apart from any such contract, or usage of trade to the contrary, the place of delivery is the seller's place of business or residence.

In an action for breach of such a contract, by which the plaintiff had undertaken to purchase a quantity of eggs from the defendant, where the record shows no effort was made by the plaintiff to take possession of the eggs within the time specified in the contract, the seller has not been put in default and judgment should be entered for the defendant non obstante veredicto.

Argued October 20, 1922. Appeal, No. 139, Oct. T., 1922, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1918, No. 4153, on verdict for plaintiff in the case of Abraham Sussman and Max Sussman, trading as Sussman Brothers v. Charles J. Meier. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for breach of contract. Before SHOEMAKER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs in the sum of $648 and judgment thereon. Defendant appealed.

*Errors assigned* were refusing defendant's point for charge, affirming plaintiffs' points and in refusing to enter judgment for defendant non obstante veredicto.

*S. S. Herman,* for appellant—Averment of an offer of performance in the nature of a tender on the part of the vendee, as well as an averment of his readiness, willingness and ability to pay are essential to a recovery: Keeler v. Schmertz, 46 Pa. 136; Kunkle v. Mitchell, 56 Pa. 100; Seligman v. Beecher, 36 Pa. Superior Ct. 475.

*Abraham Wernick,* and with him *I. G. Gordon Forster* and *Robert C. Evans,* for appellee.—A readiness to receive the goods and pay the price is sufficient without a demand, if by the terms of the contract the goods are deliverable within a certain fixed time: Cleveland v. Sterret, 70 Pa. 204; Conawingo Petroleum Refining Co. v. Cunningham, 75 Pa. 138.

OPINION BY LINN, J., November 23, 1922:

The buyers sued for alleged breach of the following contract:

"July 15th, 1918.

"Sold to Messrs. Sussman Bros. 22nd and South Sts., Two hundred cases eggs, (200) at Forty-five ($.45) cents per dozen. F. O. B. Philadelphia, candled and delivered up to December 31st, 1918. Storage and insurance paid. The above to be No. #1. Messrs. Sussman Bros. agree to pay a deposit of One Dollar ($1.00) per case on same. Charles J. Meier. Sussman Bros."

They averred that only 20 of the 200 cases were delivered and sought recovery (1) for the loss sustained by nondelivery of 180 cases, each containing 30 dozen, and (2) for the $200 deposited. Defendant, the seller, admitted plaintiffs' right to recover the $200, but denied further liability on the ground that plaintiffs made no demand for delivery until after December 31, 1918, to wit on January 4, 1919. Before trial, defendant paid to the plaintiffs the $200, leaving for trial only the issue of alleged breach of contract and damages.

The evidence was very brief. A plaintiff testified that twenty cases were delivered, ten on the request of the

buyers and ten without such request; that it was defendant's duty to candle the eggs; that no demand was made by the buyers for any part of the 180 undelivered until January 3d or 4th, after the time for delivery specified in the contract, when delivery was refused unless the then market price, 57 cents a dozen, was paid. The defendant testified that generally the buyer specified delivery before eggs were candled. Each side then requested binding instructions. The court granted plaintiffs' motion. Thereafter defendant moved for judgment n. o. v., and the motion being dismissed, took this appeal.

He contends he was not in default because he did not refuse to deliver within the period specified, and that, to put him in default, plaintiffs were required to act by making a demand on him to deliver within the period. As the business places of both buyer and seller were in Philadelphia, and as the contract does not state at which place delivery was to be made, section 43 of the Sales Act of 1915, P. L. 543, 554, supplies the omission. "Whether it is for the buyer to take possession of the goods or for the seller to send them to the buyer, is a question depending in each case on the contract, express or implied, between the parties. Apart from any such contract, express or implied, or usage of trade to the contrary, the place of delivery is the seller's place of business, if he have one, and, if not, his residence......" As neither implication nor usage to the contrary was alleged, or shown, the place of delivery was the seller's store, where it was the buyer's duty to take possession of the eggs. This has always been the law of Pennsylvania: Hamilton v. Calhoun, 2 Watts 139; Perlman v. Sartorius, 162 Pa. 320, 323; see also Williston on Sales, section 450.

Since the record shows no effort was made by the buyers to take possession at the place of delivery within the time specified, and nothing to sustain a waiver of that requirement, defendant was not put in default, and

as those facts appear conceded, defendant's motion should have been granted.

The judgment is reversed and the record returned with instructions to reinstate and make absolute defendant's motion for judgment n. o. v.