Security Bank of Minnesota *vs.* M. O. Luttgen and another.

## August 16, 1882.

Draft with Bill of Lading attached, both to Order of Consignor—Indorsement in Blank and Discount at Bank—Title to Goods—Delivery of Bill of Lading to Drawee on Acceptance (without Payment) of Draft.—A merchant, having received an order for goods from a foreign correspondent, shipped the goods by a common carrier, taking bills of lading, by the terms of which the goods were deliverable at their destination to the shipper or his order. The merchant then drew bills of exchange for the price of the goods on the person ordering them, payable to the merchant's own order 30 days after sight. Attaching the bills of lading indorsed in blank to the drafts, and indorsing the latter in blank, the merchant had the drafts discounted at bank, it being then agreed in parol with the bank that the bills of lading should not be delivered to the drawee until the drafts should be paid. *Held,* that independent of the parol agreement, and considered as a matter for merely legal interpretation, the transaction did not import a sale of the goods upon credit, or determine that the drawee was entitled to the bills of lading upon his acceptance of the drafts and without payment.

**Same—Parol Evidence.**—The indorsement and delivery of the bills of lading did not constitute a written contract presumably complete in itself, and of a nature to exclude evidence of the parol agreement.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial. The case is stated in the opinion.

*F. B. Dodge*, for appellant.

Upon the presentment of the bill of exchange to the drawee and upon its acceptance, the drawee was entitled to the bill of lading, and the bank was legally bound to deliver it. *National Bank* v. *Merchants' Bank*, 91 U. S. 92; *Marine Bank of Chicago* v. *Wright*, 48 N. Y. 1; *Lanfear* v. *Blossom*, 1 La. An. 148; *Wisconsin, etc., Bank* v. *Bank of British North America*, 21 U. C. Q. B. 284.

Any special agreement to vary this contract must be in writing, and cannot be shown by parol. *Norton* v. *Coons*, 6 N. Y. 33; *Underwood* v. *Simonds*, 12 Met. 275; *Ortmann* v. *Canadian Bank of Commerce*, 39 Mich. 518; *McClintic's Adm'r* v. *Cory*, 22 Ind. 170; *Gregory* v. *Hart*, 7 Wis. 532; *Bank of United States* v. *Dunn*, 6 Pet. 51; *Abrey* v. *Crux*, L. R. 5 C. P. 37.

*A. N. Merrick*, for respondent.

DICKINSON, J.*  Defendants were engaged in business as commission merchants at Minneapolis. Zantzinger & Son, doing business at Baltimore, Maryland, ordered from them a quantity of flour. Defendants shipped the flour to Baltimore, taking bills of lading, by the terms of which the flour was to be delivered to the defendants themselves, or to their order, at Baltimore. The defendants then drew bills of exchange on Zantzinger & Son for the amount of the price of the flour, payable to the defendants' own order 30 days after sight. Indorsing these bills of exchange, the defendants procured them to be discounted by the plaintiffs. When these bills were discounted, the bills of lading, indorsed in blank by the defendants, were attached, and were so transferred to the plaintiff. The plaintiff forwarded the drafts, accompanied by the bills of lading, to its correspondent in the east, by whom the drafts were presented to the drawees for accept-

*Vanderburgh, J., because of interest, took no part in this case.

ance, and were accepted. Upon the acceptance of the drafts, the bills of lading were delivered to the drawees, Zantzinger & Son, and the flour thus passed into their hands. Shortly after this, and before the maturity of the drafts, Zantzinger & Son became insolvent, and the drafts were not paid.

This action is brought by the plaintiff to recover of the defendants upon their indorsements of the drafts. To defeat a recovery the defendants claim that both by the legal interpretation of the transaction as above stated, and, moreover, by express agreement made in parol at the time the drafts were discounted, the bills of lading were to be treated as security for the *payment* of the accompanying drafts, and that the plaintiff had hence no right to deliver them to the drawees until such payment. On the part of the plaintiff it is claimed that by the law, independent of any express agreement, the drawees were entitled to the bills of lading upon acceptance of the drafts, and that to receive parol evidence of an agreement that they should not be delivered until payment, is to qualify or alter by parol the legal effect of the written contract expressed in the indorsement of the bills of lading.

If it be conceded that, if the defendants, upon shipping the flour, had taken bills of lading, by the terms of which the property was deliverable to Zantzinger & Son, and had then had the drafts discounted with such bills of lading attached, the legal import, from these facts alone, would have been a sale of the flour to the drawees upon credit, to be perfected by their acceptance of the drafts, (*National Bank* v. *Merchants' Bank*, 91 U. S. 92; *Marine Bank of Chicago* v. *Wright*, 48 N. Y. 1,) it does not follow that such would have been the result in this case. Whenever that is considered to be the legal effect of the transaction, it is because, from its very nature, there is deducible the intention in the minds of the parties that it should be so. And, for the same reason,—that is, the result depends upon the intention of the parties so far as that is disclosed, or can be discovered from the nature of the transaction,—if such an intention is not shown or expressed, the contract will not be so interpreted. Benjamin on Sales, (3d. Ed.) 381 ,382; *Dows* v. *Nat. Exchange Bank,* 91 U. S. 618,

633, 634. That from a transaction like that presented in this case, and above stated, the legal conclusion does not follow that it was intended to make a sale of the property upon credit, and that the drawees should receive the bills of lading upon acceptance of the drafts, is well established by authority. Benjamin on Sales, (3d. Ed.) 382, 400; *Dows* v. *Nat. Exchange Bank*, 91 U. S. 618; *Farmers' & Mech. Nat. Bank* v. *Logan*, 74 N. Y. 568; *Seymour* v. *Newton*, 105 Mass. 272; *Stollenwerck* v. *Thacher*, 115 Mass. 224; *Newcomb* v. *Boston & Lowell R. Co.* Id. 230; *Jenkyns* v. *Brown*, 14 Q. B. 496; *Mason* v. *Great Western Ry. Co.*, 31 U. C. Q. B. 73. The taking of bills of lading making the goods deliverable to the order of the shipper, rather than to the person for whom they are ultimately destined, has been considered "almost conclusive" proof of an intention on the part of the consignor to retain the *jus disponendi*, although subject to be rebutted. *Dows* v. *Nat. Exchange Bank; Jenkyns* v. *Brown, supra.* We conclude that the transaction itself, independent of the parol agreement, considered as a matter for merely legal interpretation, did not express or import a sale upon credit, or determine that the drawees were entitled to the bills of lading upon acceptance. It follows that there was no error in the charge of the court of which the plaintiff can complain.

It is also clear that the receiving of parol evidence of an agreement that the bills of lading should not be delivered to Zantzinger & Son until payment of the drafts did not contradict or vary a contract of the parties made in writing, and to which the law itself gives a certain and invariable effect. The transaction, taken as a whole, had not the fixed legal effect claimed on the part of the plaintiff. The indorsement of the bills of lading did not constitute a written contract having a fixed definite meaning in the law, presumably complete in itself, and which, hence, should exclude from consideration all express parol agreements as to the conditions annexed to their transfer. Bills of lading are not properly negotiable instruments,— 2 Daniel, Neg. Inst. (2d Ed.) §§ 1730, 1731,—but stand as a substitute and symbolic representative of the property described in them. The indorsement and delivery of these instruments had no such fixed

legal effect as flows from the indorsement of negotiable paper, but operated rather as a delivery of the flour itself.

We find no error in the case, and the order refusing a new trial is affirmed.