C. STEVENOT v. EASTERN RAILWAY COMPANY OF MINNESOTA.[1]

May 10, 1895.

Nos. 9375—(123).

**Garnishment—Property in Transit.**
> Property in the hands of a common carrier in transit to a place outside of the state is not subject to garnishment, although it is yet within the state at the time of the service of the garnishee summons.

Appeal by Eastern Railway Company of Minnesota, garnishee, from a judgment of the municipal court of St. Paul, in favor of plaintiff and against the garnishee for $31.68, entered in pursuance of an order for judgment by Orr, J. Reversed.

*C. Wellington,* for appellant.

The possession which a common carrier, as such, has of goods in transit is not sufficient to make the carrier liable as garnishee. Illinois C. R. Co. v. Cobb, 48 Ill. 402; Bates v. Chicago, M. & St. P. R. Co., 60 Wis. 296, 19 N. W. 72. See Staniels v. Raymond, 4 Cush. 314; Cooley v. Minnesota Trans. R. Co., 53 Minn. 327, 55 N. W.

[1]Reported in 63 N. W. 256.

141; Western Railroad v. Thornton, 60 Ga. 300; Michigan Cent. R. Co. v. Chicago & M. L. S. R. Co., 1 Ill. App. 399. In Adams v. Scott, 104 Mass. 164, it does not appear that the goods were not held by the carrier as warehouseman. By G. S. 1894, § 5325, the carrier cannot be compelled to deliver at a time or place not stipulated in the contract with defendant.

*Alva Hunt,* for respondent.

The statute makes no distinction between common carriers and others. Adams v. Scott, 104 Mass. 164. The proviso of G. S. 1894, § 5325, does not apply to a common carrier having only a lien for carriage. See Jewett v. Bacon, 6 Mass. 60.

MITCHELL, J. It appears that the property for which the plaintiff seeks to hold the garnishee liable was, at the time of the service of the summons, in the possession of the garnishee, merely as common carrier, for transportation from St. Paul, in this state, to West Superior, Wisconsin, the place of consignment; that the car in which the property was formed a part of a regular train operated in transporting freight between the places named; that the train was already made up, and was standing on a siding in St. Paul, ready to start for Superior; that thereafter the property was transported to West Superior, and there delivered to the consignee.

We do not deem important the fact that the train had not yet moved out of the St. Paul yard. The property was none the less in the possession of the garnishee, as common carrier, for transportation to the place of consignment. In contemplation of law, it was in transit.

The courts have not infrequently been confronted with the question whether a common carrier can be held liable to judgment on the process of garnishment merely on the ground that it may, at the time of the service of the process, have had property in transit on its route belonging to the defendant debtor. The objections, on grounds both of public policy and of injustice to the carrier, to holding the carrier liable under such circumstances, have been fully recognized by the courts, and have led them, notwithstanding the broad language of the statutes, to deny or limit the liability of

the carrier under such circumstances. See Bates v. Chicago, M. & St. P. R. Co., 60 Wis. 296, 19 N. W. 72; Illinois C. R. Co. v. Cobb, 48 Ill. 402. In passing on the question, the courts have not, as a rule, gone further than was necessary for the purpose of deciding the particular case under consideration, and hence their decisions do not always lay down a definite rule of universal application; but we have found no case where a court has placed a literal and unlimited construction upon the broad language of statutes of garnishment, except Adams v. Scott, 104 Mass. 164. In Cooley v. Minnesota Trans. R. Co., 53 Minn. 327, 55 N. W. 141, we held that a railway company, after the termination of the transportation of the property, and while holding it only as warehouseman, was liable to garnishment, but declined to consider whether goods in the possession of a common carrier, and while actually in transit, are subject to garnishment; and we do not find it necessary in this case to decide this broad question.

It is a well-settled rule of construction that courts may, under certain circumstances, adopt a restrictive construction of the general words of a statute. This has often been done in the case of statutes of the kind now under consideration. See Staniels v. Raymond, 4 Cush. 314, in which it was held that a person might have the possession or control of the property of another, and yet not be subject to the trustee process. One limitation which all courts agree in imposing upon the language of such statutes, so as to make an exception to their general words, is that the personal property which may be arrested in the hands of the garnishee must be within the state, so that it may be seized and sold to satisfy any judgment obtained against the principal debtor. Upon the question whether it must be within the state at the time of the service of the process, or whether it is enough if it is so at the time of the garnishee's disclosure, the decisions are not entirely agreed. But that question is not material here.

The proposition is fundamental in the law of garnishment that the property is arrested, if at all, subject to all the rights of the garnishee. Our statute expressly provides that "the garnishee shall not be compelled to deliver any specific articles at any other time or place than as stipulated in the contract between him and the defendant." G. S. 1894, § 5325. Under this statute, we think

it clear that the garnishee in this case was not required to forego the benefit of the contract to transport this property to West Superior, stop its transportation, and take it out of the car. It had a right to transport it, according to its contract with the defendant, to West Superior, and was only bound to deliver it there. If plaintiff desired to arrest it in this state, he should have resorted to attachment, and taken actual possession of the property. But, after the property had arrived at West Superior, it was not within the jurisdiction of the courts of this state, and could not be seized or sold on any process against the defendant; and certainly the garnishee could not be required to bring it back into this state for the purpose of subjecting it to the process of our courts. We therefore hold (and it is all we decide in this case) that property in the hands of a common carrier in transit to a place outside of the state is not subject to garnishment, although it is yet within the state at the time of the service of the garnishee summons.

Judgment reversed.