WALTER C. BALDWIN and Another v. GREAT NORTHERN RAILWAY COMPANY.[1]

81   247
d86   36

October 23, 1900.

Nos. 12,268—(125).

**Carrier—Acceptance of Freight—Garnishment.**

A common carrier, after acceptance of freight for shipment from a place within the state to a place without, is not required to forego the right to transport the same, and receive compensation therefor, by reason of the service upon it of a garnishee summons in a suit by a third party against the owner of such goods.

**Same.**

The service of a garnishee summons in such case upon the carrier, after the goods have been received, placed in a car for transportation, and a bill of lading issued by the carrier to the shipper, although the car has not as yet been placed in a train, does not excuse the carrier from

[1] Reported in 83 N. W. 986.

its duties as such, or authorize an unreasonable delay in forwarding the property to its destination without the state.

**Stevenot v. Eastern Ry. Co. Followed.**
> Stevenot v. Eastern Ry Co., 61 Minn. 104, is decisive of the rule above stated, and is approved and followed.

Action in the municipal court of St. Paul to recover $81.55 damages for detention of a carload of potatoes. The case was tried before Hine, J., who found in favor of plaintiffs. From a judgment entered pursuant to the findings, defendant appealed. Modified.

*Squires & Begg*, for appellant.

*O. J. Cook*, for respondents.

LOVELY, J.

This is an appeal from a judgment of the municipal court of St. Paul in favor of plaintiffs, who complain of the unlawful detention by defendant of a carload of potatoes while being transported over its line from Anoka, in this state, to Chicago, Illinois. This review is limited to the question whether the findings of fact support the conclusions of law upon which the judgment rests.

The facts found by the court are, in brief, as follows: The plaintiffs were partners in the produce business. They delivered to defendant, at its station in Anoka, a quantity of potatoes for transportation to Chicago, which were loaded in one of defendant's cars, and placed on a side track for shipment. The loading had been completed, the defendant had accepted the potatoes for transportation, and had issued to plaintiffs its bill of lading, in which the place where the same was received and the place of destination were designated, the plaintiffs' firm was named as the consignor as well as the consignee of the property. While the car of potatoes was still awaiting shipment on a regular train of defendant's road, but before it had been placed therein for that purpose, a garnishee summons, properly issued, was duly served upon defendant in a suit against plaintiffs by a third party, upon the claim, regularly made, that the property of plaintiffs, above referred to, should be arrested, and held by defendant for the benefit of the plaintiff in that suit.

The carload of potatoes was hauled by defendant to St. Paul, and

within a reasonable time notice was sent to plaintiffs, at Anoka, of the service of the garnishee summons upon the company. After the arrival of the potatoes at St. Paul, they were detained and held by defendant in observance of the garnishee summons; plaintiffs were again notified (this time at Chicago) of the fact and reason of such detention; whereupon one of the plaintiffs came to St. Paul from Chicago, and, upon negotiations with defendant (while reserving the right to claim damages, if any, for delays), secured the shipment of the car to its destination, where the potatoes were sold at a loss of $45.82, occasioned by the detention of the same for five days at St. Paul, which detention was unreasonable and unnecessary, unless the defendant was required to retain and hold the same by the garnishee proceedings.

The trial court held that the potatoes were perishable, were in actual transit, were injured by the unnecessary delay, and that the garnishee service furnished no excuse for their detention; also that the expenses of the trip by one of the plaintiffs to St. Paul to secure their shipment was a proper item of claim by plaintiffs; and ordered judgment for the loss on the potatoes as well as the expenses of such trip.

We think there is no doubt that the findings of fact show that the delay occasioned the damages to the extent found, and, if it is not excused by the garnishment, the conclusions of the court, and judgment thereon, to that extent must be sustained. This view involves the question whether, under the law as previously laid down by this court, the garnishment required the defendant to retain the car of potatoes subject thereto. It was the unquestionable duty of the common carrier to fulfil its contract of carriage unless it was prevented by legal process from doing so, and this is the question which we are required to determine in this case. In Stevenot v. Eastern Ry. Co., 61 Minn. 104, 63 N. W. 256, it was held that "property in the hands of a common carrier in transit to a place outside of the state is not subject to garnishment, although it is yet within the state at the time of the service of the garnishee summons." This rule was held in a case where the property was in a train already made up, standing on a siding at the place of shipment. The defendant in that case disregarded the garnishee sum-

mons, and transported the property to its destination, where it was then delivered to the consignee.

It is urged by the defendant that, the court having found the fact that defendant's line terminated at St. Paul, its duty to the plaintiffs as a common carrier ended there, and that it owed no further obligation to the plaintiffs than to transport their property to that point (within the state), which fact would distinguish this from the Stevenot case. The answer to this contention seems to us very clear. Defendant had contracted as a common carrier to transport the potatoes to Chicago, and was bound by that contract, whether it hauled its car over its own road or other lines.

It only remains to be considered whether defendant, after having received the carload of potatoes on its side track, and given its bill of lading to the shippers, was then required to forego its rights, and hold the property because it had been garnished, instead of transporting it to the place where it was stipulated between the parties it should be delivered, which was its plain right, under the terms of the garnishee statute. G. S. 1894, § 5325. We are unable to distinguish this case from the Stevenot case in that respect. It is true that the car in that case had been placed in a train for shipment; in this case, it was on the side track, to be placed in the train as soon as it arrived. But the contract between the parties for transportation had been completed, the bill of lading had been delivered to the consignors, and it was the privilege of the carrier, under the statute last cited, to retain the consigned property, and fulfil its contract with the shippers, which alone entitled it to compensation for carriage. For this reason the plaintiffs' creditor in the garnishee suit could not arrest it by that process so as to deprive the defendant of its right under such contract.

Upon the facts found with reference to the trip of one of the plaintiffs from Chicago to St. Paul, we are unable to sustain the conclusion of law reached by the trial court. While under proper circumstances, and upon proper proofs, it might be held that it was necessary for one of the plaintiffs to come from Chicago to St. Paul to secure the release of the car, to diminish the damages in favor of defendant which would otherwise be suffered, yet the plaintiffs could not claim reimbursement for such expenses unless it was

established that they were necessary and reasonable (1 Sutherland, Dam. § 88), which involves facts not found by the trial court. We hold, therefore, that the trial court was justified in its conclusion that plaintiffs were entitled to damages sustained by the diminution in the value of the potatoes occasioned by defendant's unreasonable detention of plaintiffs' property, but that the judgment was erroneous in including the amount of the expenses from Chicago to St. Paul.

It is ordered that the case be remanded, with directions for a new trial, unless plaintiffs consent to release the defendant from the payment of $30, the sum allowed for such expenses, within ten days from the time the remittitur is returned, in which case the judgment is to be modified in that respect. In view of the particular facts of this case, we direct that no statutory costs be allowed to defendant on this appeal.

Judgment modified.