WILLIAM O. MERZ v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

April 18, 1902.

Nos. 12,965—(57).

Carrier—Delay in Shipment of Goods.

Where property is in the hands of a common carrier, and possession thereof is demanded by a stranger to the bill of lading prior to actual shipment and under a claim of ownership, the carrier, having reasonable doubt as to which party is entitled to possession and acting in good faith, may have a reasonable time in which to investigate the claims of the respective parties, and for this purpose may delay immediate shipment.

Same—Reasonable Time.

What is a reasonable time for investigation is ordinarily a question for the jury, and depends upon the circumstances. The question of good faith on the part of the carrier is also one for the jury ordinarily.

[1] Reported in 90 N. W. 7.

86 M.—3

## Conversion—Seizure under Process.

It is a sufficient defense in an action for conversion brought against a common carrier to prove that there has been a seizure of the property under legal process, but the burden of proof is upon such carrier to show that the process was regular and valid upon its face. It is the duty also of the carrier, in case of a seizure under process, to notify the shipper promptly of the pendency of the legal proceedings in order to enable him to make a proper defense. If this notice is promptly and properly given, an action for conversion will not lie, for the carrier has a right to presume that the party notified will attend to his property and protect it in the suit.

## Evidence—Uncertified Copy of Judgment Roll.

At the trial of this action defendant offered in evidence, and there was received over the objection of the plaintiff's counsel, an alleged copy of a judgment roll from a court of general jurisdiction in the state of Iowa. *Held*, that this copy was not certified to, as required by G. S. 1894, § 5725, and that its admission in evidence constituted reversible error.

Action in the district court for Brown county to recover $1,850 for the conversion of cattle. The case was tried before Webber, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*James C. Tarbox,* for appellant.

*Brown, Abbott & Somsen,* for respondent.

COLLINS, J.

Action for the conversion of cattle delivered to defendant railway company at Rolfe, in the state of Iowa, by plaintiff, as consignor, for shipment over its own and connecting lines of road to Monticello, in this state, to himself as consignee.

1. The fact that the property in dispute was taken from the possession of defendant carrier by one having title paramount to that of this plaintiff is a good defense in an action brought by the latter for a conversion thereof. This is well settled in this jurisdiction (National Bank of Commerce v. Chicago, B. & N. R. Co., 44 Minn. 224, 46 N. W. 342, 560), as it is elsewhere. It has also been held by this court that where a common carrier, on demand of the true owner having right of possession, has delivered to him the property bailed, it is a complete justification for non-delivery.

In this respect there is no difference between a common carrier and any other bailee. Thomas v. Northern Pac. Exp. Co., 73 Minn. 185, 75 N. W. 1120.

2. It would seem to follow, logically, that where property is in the hands of a common carrier, and possession under a claim of ownership is demanded by a stranger to the bill of lading prior to actual shipment, as was the fact here, the carrier, having reasonable doubt as to which party is entitled to possession and acting in good faith, may have a reasonable time in which to investigate the claims of the respective parties, and for this purpose may delay immediate shipment. If there is a reasonable doubt as to the party entitled to possession, a refusal to ship the property until a reasonable opportunity is had to ascertain the validity of the asserted claim or right is not sufficient evidence of conversion. In such a case the law does not require the carrier to act on the instant, and either comply with or deny the demand, at his peril. Hett v. Boston, 69 N. H. 139, 44 Atl. 910. This doctrine is laid down, with a citation of cases, in Hutchinson, Carr. §§ 344, 408, and in Ray, Neg. Imp. Duties, § 143. See also an elaborate note to Kohn v. Richmond (37 S. C. 1) 34 Am. St. Rep. 734, 16 S. E. 376, 24 L. R. A. 100; and also 2 Rapalje & M. Ry. Dig. 75, 125, 126; and 8 Rapalje & M. Ry. Dig. 111, 112, in which will be found general rules relating to actions for conversion brought against common carriers.

The doctrine stated undoubtedly prevails when a demand, asserting ownership, is made upon an ordinary bailee, and no good reason can be suggested why it should not be applied to common carriers. What is a reasonable time for investigation is ordinarily a question for a jury, and depends upon the circumstances. It is obvious that less time should be taken where perishable property is involved than where the property cannot be specially injured by detention for a few hours; and the question of good faith on the part of the carrier is also one for the jury, ordinarily.

3. It is a sufficient defense in an action against a common carrier for conversion to prove that there has been a seizure of the property under legal process, but the burden of proof is upon such carrier to show that the process was regular and valid upon its

face. A seizure under void process is no defense. It is also the duty of the carrier, in case of a seizure under process, to notify the shipper promptly of the pendency of the legal proceedings in order to enable him to make a proper defense. If this notice is promptly and properly given, an action for conversion will not lie; for the carrier has a right to presume that the party notified will attend to his property and protect it in the suit. Thomas v. Northern Pac. Exp. Co., supra. This is a universal rule.

4. Counsel for the plaintiff calls attention to, and relies upon, the cases of Stevenot v. Eastern Ry. Co. of Minn., 61 Minn. 104, 63 N. W. 256, and Baldwin v. Great Northern Ry. Co., 81 Minn. 247, 83 N. W. 986; but in each of these cases this court passed upon the rights of a common carrier as a garnishee, and placed the decisions largely, if not wholly, upon the wording of G. S. 1894, § 5325. The cases are not in point here, for obvious reasons. It is plain from the decisions that we carefully refrained from an expression of opinion concerning any question not actually involved.

5. In order to justify in this action it was necessary, under the pleadings, for the defendant to show, not only the demand by Lind, in which he asserted that he was the true owner, but to establish by competent evidence that the property in dispute had been taken out of its possession by due process of law. It was incumbent upon it to show, as admitted by its counsel, that an officer armed with a writ valid on its face, issued by a court of competent jurisdiction, seized the property as belonging to Lind and took possession of it. The court below held that this had been established by proper evidence, but we cannot coincide in this view.

The record is not clear, but the only testimony we find as to the character and validity of the alleged legal process is in what purports to be a copy of the judgment roll, in which is contained, according to the assertion of counsel, a copy of the entire proceedings in the action of replevin, including a final judgment. But this copy was not certified to as required by G. S. 1894, § 5725. There was no certificate of the officer, in whose custody this judgment roll was required by law to be kept, that he had

compared the same with the original, and that it was a correct transcript therefrom. The objection made by plaintiff's counsel to the reception in evidence of the purported judgment roll should have been sustained, and its admission over this objection constituted reversible error.

6. We need not consider at this time the objection to the reception in evidence of certain sections of the Iowa statutes. ·G. S. 1894, § 5715, which provides for the admission in evidence of printed copies of the statutory laws of other states, is plain, and we have no doubt that counsel will, at the next trial of this case, have no difficulty in complying with it. This covers all the points made by appellant's counsel which need special attention.

The order appealed from is reversed, and a new trial granted.