## C. H. TAYLOR v. DULUTH, SOUTH SHORE & ATLANTIC RAILWAY COMPANY.[1]

January 18, 1918.

No. 20,680.

**Carrier — disputed ownership of shipment — reasonable time for investigation.**

1. Where, upon arrival at destination, property is demanded from a carrier by the consignee and also by an adverse claimant, the carrier is entitled to a reasonable time for investigation, upon its request therefor, before an action will lie against it.

**Same — liability as warehouseman.**

2. Where the adverse claimant claimed no rights under the contract of shipment, and made no claim to the property until after it had arrived at its destination, the carrier owed to him only the duties of a bailee or warehouseman, and may relieve itself from liability by showing that without fault or negligence on its part it is unable to produce or deliver the property.

**Appeal and error — reversal.**

3. Defendant interposed both the above defenses and they were erroneously excluded at the trial. As the record shows conclusively that defendant did not waive them, there must be a new trial.

Action in the district court for St. Louis county to recover two horses or $500, their value. The facts are stated in the opinion. The case was tried before Fesler, J., and a jury which returned a verdict for $185. From an order denying its motion for a new trial, defendant appealed. Reversed.

*Thomas S. Wood* and *G. A. E. Finlayson,* for appellant.

*Lathers & Hoag* and *Fryberger, Fulton & Spear,* for respondent.

TAYLOR, C.

Action in replevin for two horses. Plaintiff had a verdict and defendant appeals from an order denying a new trial.

[1] Reported in 166 N. W. 128.

Moses Goldberg shipped the horses from Ontonogan, Michigan, to Duluth, Minnesota, consigned to himself. Immediately after their arrival at Duluth plaintiff's attorney made a demand for them upon defendant's agent, and, on being informed by the agent that he could not pass on the question but would refer it to their attorney, served upon him the summons and complaint in this action without allowing him any time whatever to confer with the attorney or with anyone else. Although the action is in replevin, plaintiff executed neither bond nor affidavit of ownership, and, in the absence of these, of course could not, and did not, issue a requisition for taking possession of the horses. In its answer defendant alleged it had no knowledge or information sufficient to form a belief as to whether plaintiff was the owner of the horses; that they were consigned to Goldberg; that both Goldberg and plaintiff demanded them; that defendant was entitled to a reasonable time in which to investigate the validity of plaintiff's claim; that for the purpose of making such investigation defendant refused to deliver the horses to either; that it retained them no longer than a reasonable time for such purpose; that without the knowledge of defendant and without any fault or negligence on its part, and while the horses were still in the car in which they had arrived, Goldberg wilfully opened the car and took the horses therefrom and defendant has never since had possession of them. The answer also contained an allegation that the freight charges were unpaid and that defendant had a lien therefor, but, as defendant asserted no right to retain possession of the horses under this claim as against plaintiff's demand, this allegation is not important.

At the trial defendant attempted to show that it received the horses from a connecting carrier; that immediately upon their arrival both plaintiff and Goldberg demanded them; that defendant refused to deliver possession to either until it could investigate their respective claims; that it took measures to prevent either from obtaining possession of them during such investigation; that Goldberg removed them without defendant's knowledge within an hour after their arrival, and that defendant was without fault in the matter. While defendant succeeded in eliciting scraps of this evidence, the court excluded all substantial parts of it, on the objection of plaintiff, and ruled that the only ques-

tion for determination was whether plaintiff was the owner of the horses and so charged the jury.

Plaintiff practically concedes in this court that defendant tendered a valid defense, and now contends that defendant waived the other questions by litigating the question of title. But the record shows conclusively that defendant based its defense upon its right to a reasonable time for investigation and its freedom from negligence or other fault, and not upon plaintiff's lack of title. The answer contained no allegation as to the ownership of the horses; it merely alleged that defendant had no knowledge or information as to plaintiff's title. At the trial defendant directed all its efforts to an attempt to prove facts and circumstances showing that it was entitled to a reasonable time for investigation and that it was without fault in the matter. The entire record negatives plaintiff's claim that defendant voluntarily litigated the question of title, and it is impossible to sustain any claim of waiver on this record.

That the carrier is entitled to a reasonable time for investigation where, immediately upon arrival, the property is claimed by the consignee and also by a stranger to the contract of shipment is too clear to require argument. Merz v. Chicago & N. W. Ry. Co. 86 Minn. 33, 90 N. W. 7; 2 Hutchinson, Carriers (3d ed.) § 753.

Plaintiff was not a party to the contract of shipment and claimed no rights thereunder. His claim was adverse to that of the consignor and consignee, and was not made known to the carrier until the contract of carriage had been completed. Plaintiff and defendant did not stand in the relation to each other of shipper and carrier at the time plaintiff made his demand, and defendant owed plaintiff no other duties than those of a bailee or warehouseman. It was therefore competent for defendant to show, as against plaintiff, that the property had been lost without fault or negligence on the part of defendant. 2 Hutchinson, Carriers (3d ed.) § 685.

Defendant tendered a valid defense which was excluded from consideration, and there must be a new trial.

Order reversed.