# W. W. BANIK v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

November 12, 1920.

No. 21,914.

**Bill of lading — title to goods.**
 1. The rule that the form in which a bill of lading is taken is indicative of the title to the goods is not conclusive.

**Carrier — delivery by seller — presumption as to passing of title to buyer.**
 2. Under the Uniform Sales Act (chapter 465, Laws 1917), when the seller of goods delivers them to a carrier for transportation to the buyer pursuant to the contract between the seller and buyer, a presumption arises that the property in the goods passes to the buyer. If the bill of lading issued to the seller provides that the goods shall be delivered to him or his order, the property in the goods is reserved to the seller, unless it would have passed to the buyer except for the form of the bill of lading, and in such case the seller retains the property in the goods only to secure the buyer's performance of the contract.

**Same — presumption overcome.**
 3. Where the contract of sale provided that the buyer should receive

[1]Reported in 179 N. W. 899,

and sell the goods and apply the proceeds to pay the seller's debt to him, the presumption arising from the taking of a bill of lading in the name of the seller is overcome, since the buyer could not perform the contract if the ownership or possession of the goods was retained by the seller.

### Waiver of terms of order by acceptance of goods.

4. An acceptance of goods not shipped in accordance with the terms of the buyer's order waives his right to insist on the seller's compliance with such terms.

### Carrier not liable in conversion to shipper, when.

5. Where a carrier delivers the goods to the true owner, but fails to take up an order bill of lading issued to and retained by the shipper, it is not liable in an action of conversion brought by the shipper.

### Same — interstate commerce — Federal act.

6. By the Federal Bills of Lading Act, chapter 415, 39 U. S. St. at Large, Congress has recognized the right of a carrier, transporting goods in interstate commerce, to deliver them to the true owner and to make such delivery a complete defense to an action by the holder of an order bill of lading to recover damages for a failure to deliver the goods to him.

Action in the district court for Hennepin county to recover $1,947.50 for a quantity of hoop iron converted by defendant. The amended answer alleged that the shipment was made under defendant's bill of lading, and under the direction of the "notify" party in the bill of lading the property was delivered to the Schlitz Brewing Company; that notice of the draft drawn upon the "notify" party was not given to the latter until after delivery of the shipment to the brewing company, when it declined to honor the draft. The case was tried before Fish, J., who made findings and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Joss & Ohman* and *R. H. Fryberger,* for appellant.

*F. W. Root* and *C. W. Wright,* for respondent.

Lees, C.

Action in conversion tried by the court without a jury. The findings were in defendant's favor and plaintiff appealed from the judgment entered thereon.

The court found that on July 21, 1917, plaintiff was indebted to the Hollingshead & Blei Company (hereafter referred to as the H. & B. Co.), but was unable to pay the debt in money and agreed to deliver hoop steel instead, which was to be sold and the proceeds applied to pay the indebtedness. Pursuant to this arrangement, the H. & B. Co. mailed an order for a quantity of hoops to be shipped f. o. b. Minneapolis at a stated price, upon a bill of lading in which it should be named as both consignor and consignee. Plaintiff accepted the order unconditionally by letter dated July 26, 1917. On August 1, 1917, the hoops so ordered were delivered at Minneapolis by plaintiff to defendant for transportation to Milwaukee. Plaintiff received an order bill of lading in which he was named as consignee, with a direction to notify the H. & B. Co. The shipment was made to fill the order of the H. & B. Co. and when it reached Milwaukee defendant notified the company, and, at its direction, on August 6, 1917, delivered the hoops to the Schlitz Brewing Company, but failed to obtain a surrender or the cancelation of the bill of lading. Plaintiff attached the bill of lading to a draft drawn upon the H. & B. Co. and put it through a Minneapolis bank, which sent both documents to a Milwaukee bank for presentation to the H. & B. Co. but before presentation was made defendant had delivered the hoops to the Schlitz Brewing Company. The H. & B. Co. refused to honor the draft, whereupon plaintiff made a demand upon defendant for the delivery of the hoops and brought this action to recover their value when delivery was refused.

The conclusions of law were that there was a contract of sale of the hoops between the plaintiff and the H. & B. Co.; that the delivery to defendant for transportation to Milwaukee was a delivery to the company; that the title and right of possession then vested in it, and that defendant had delivered the hoops pursuant to the direction of the true owner, and its liability under the bill of lading was extinguished and no conversion was shown.

Plaintiff's counsel assert that the principal issue in the case is whether the title to the hoops passed from plaintiff to the H. & B. Co. upon their delivery to defendant at Minneapolis, and the greater portion of their brief is addressed to that question. Except for the form of the bill of lading, the property in the hoops undoubtedly passed when they were delivered to defendant. Kessler v. Smith, 42 Minn. 494, 44 N. W. 794;

Mobile F. & T. Co. v. McGuire, 81 Minn. 232, 83 N. W. 833; Lieb Packing Co. v. Trocke, 136 Minn. 345, 162 N. W. 449. But the principle that a seller has appropriated the goods to the buyer, when he delivers them to a carrier, is qualified by the use of bills of lading, which may become a controlling indication of the ownership of the goods. The rule that the form in which the bill of lading is taken is indicative of the title to the goods is not conclusive. In the early case of Security Bank v. Luttgen, 29 Minn. 363, 13 N. W. 151, this court remarked that taking a bill of lading making the goods deliverable to the order of the shipper rather than to the person for whom they were destined, has been considered almost conclusive proof of an intention on the part of the consignor to retain the jus disponendi, although subject to be rebutted. Such was the doctrine of the courts generally, though expressed in varying phraseology. See Williston, Sales, § 283; Benjamin, Sales (7th ed.) § 399; 1 Mechem, Sales, § 774; 24 R. C. L. p. 44, § 307.

The trial court has found that the order of the H. & B. Co. and the unconditional acceptance thereof by plaintiff amounted to a sale of the hoops, and that their delivery to defendant was a delivery to the H. & B. Co. so that the title then vested in it, and, there being no settled case, the findings cannot be questioned. The presumption arising from the form of the bill of lading is destroyed by this finding.

When this transaction occurred, the Uniform Sales Act was in effect in this state. Chapter 465, p. 767, Laws 1917. Under the act, unless a different intention appears, the seller is presumed to have unconditionally appropriated the goods to a contract of sale and the property in the goods passes to the buyer when, pursuant to the contract, the seller delivers the goods to a carrier, whether named by the buyer or not, for the purpose of transmission to the buyer. Section 19, p. 773, Rule 4, subd. 2. This rule is qualified by section 20, p. 774, subd. 2, as follows: Where the bill of lading provides that the goods shipped are deliverable to the seller or his order, the seller thereby reserves the property in the goods. But if, except for the form of the bill of lading, the property would have passed to the buyer on shipment of the goods, the seller's property in them is deemed to be only for the purpose of securing performance by the buyer of his obligations under the contract.

Without stopping to inquire whether the sales act has changed, or has

merely restated the common-law rules recognized prior to its adoption, we proceed to consider the application of the above provisions of the act to the facts in this case. Under the act, by taking the bill of lading in his own name, plaintiff is presumed to have retained the property in the goods. But the presumption is overcome by the court's findings, hence plaintiff's right to the property under the facts in this case was retained, if retained at all, only to secure the performance of the H. &. B. Co.'s obligations under the contract. By that contract, it was to receive and dispose of the hoops and apply the proceeds on plaintiff's debt. It could not do this rightfully if plaintiff retained the title and right of possession. The terms of the contract necessarily negative an intent on plaintiff's part to retain either ownership or possession. The conclusion follows that he retained neither and that the property in the hoops passed from him when he delivered them to defendant for transportation.

2. Plaintiff contends that in making the shipment he did not follow the directions contained in the order of the H. & B. Co. and therefore the title did not pass. Jones v. Schneider, 22 Minn. 279; Hoover v. Maher, 51 Minn. 269, 53 N. W. 646, and a number of cases in other states are cited upon this point. The contention is without merit, for the reason that the H. & B. Co. accepted the hoops by directing their delivery to the Schlitz Brewing Company, and, by doing so, waived any right it might have had to insist on their shipment in strict conformity with the terms of its order.

3. The question narrows down to this: Where a carrier has delivered the goods to the true owner, but has failed to take up an outstanding order bill of lading, not in the hands of an innocent holder for value, but in the hands of the shipper to whom it was issued, can the holder of the bill maintain an action of conversion against the carrier?

The contention made in plaintiff's behalf, if we understand it correctly, is this: The bill of lading constituted the contract between plaintiff and defendant. The H. & B. Co. was not a party to the contract. Defendant undertook by the bill of lading to deliver the hoops to plaintiff or his order. It has failed to do so and has made an unauthorized delivery of the goods to a third person. This amounts to a conversion. At first blush the contention seems plausible. However, if it were to be sustained, it would permit a recovery by one who was not the true owner of

the goods. Such a result would be manifestly unjust in a case not involving the rights of a good faith purchaser for value of the bill of lading.

At one time the doctrine prevailed that the bailee of goods must deliver them to the bailor from whom he had received them, that, though he had delivered them to him who had the right to them, he was, notwithstanding, chargeable to the bailor, although in truth he had no right. The reason given was that by accepting the bailment the bailee had estopped himself against questioning the right of his bailor. See The Idaho, 93 U. S. 575, 23 L. ed. 978. This doctrine was modified so as to excuse a carrier from liability to the bailor where the goods were taken from the carrier's possession by process of law. Blackorby v. Friend, Crosby & Co. 134 Minn. 1, 158 N. W. 708, Ann. Cas. 1918E, 1199; Merz v. Chicago & N. W. Ry. Co. 86 Minn. 33, 90 N. W. 7; Pingree v. Detroit Ry. Co. 66 Mich. 143, 33 N. W. 298, 11 Am. St. 479; Stiles v. Davis, 1 Black, 101, 17 L. ed. 33. And by other decisions the further qualification was added, that a delivery to the true owner relieves a carrier from responsibility to the bailor. The Idaho, supra; Herbst v. Asiatic Prince (D. C.) 97 Fed. 343; Nat. Banking Co. v. Del. L. & W. Ry. Co. 70 N. J. Law, 774, 58 Atl. 311, 66 L.R.A. 595, 103 Am. St. 825; Wells v. Am. Exp. Co. 55 Wis. 23, 11 N. W. 537, 12 N. W. 441, 42 Am. Rep. 695; Kohn v. Richmond Ry. Co. 37 S. C. 1, 16 S. E. 376, 24 L.R.A. 100, 34 Am. St. 726; Ga. R. Co. v. Haas, 127 Ga. 187, 56 S. E. 313, 119 Am. St. 327, 9 Ann. Cas. 677; Shellenberg v. Fremont R. Co. 45 Neb. 487, 63 N. W. 859, 50 Am. St. 561; 1 Hutchinson, Carriers, § 181; 10 C. J. 261. This was the generally accepted doctrine at the time of the enactment of the Uniform Bills of Lading Act by the states in which it has been adopted and the Federal act on the same subject, and it was approved by this court. Nat. Bank of Commerce v. Chicago, B. & N. R. Co. 44 Minn. 224–232, 46 N. W. 342, 560, 9 L.R.A. 263, 20 Am. St. 566; Thomas v. Northern Pac. Exp. Co. 73 Minn. 185, 75 N. W. 1120. Judson v. Minneapolis & St. L. R. Co. 131 Minn. 5, 154 N. W. 506, did not hold to the contrary, for the court took pains to say that the provision in an order bill of lading that it must be surrendered before delivery of the goods is made is for the protection of the shipper, "*if he be the real owner of the property.*"

On August 29, 1916, Congress enacted the Federal Bills of Lading Act, c. 415, 39 U. S. St. at Large, and incorporated in it provisions which continued in effect the rule which prevailed when the statute was enacted. Section 9 declares that a carrier is justified in delivering the goods to a person lawfully entitled to the possession. Sections 17 and 18 give to the carrier the right to compel adverse claimants of the goods to interplead, and section 19 reads as follows:

"That except as provided in the two preceding sections *and in section nine,* no right or title of a third person, unless enforced by legal process, shall be a defense to an action brought by the  *  *  *  holder of an order bill against the carrier for failure to deliver the goods on demand."

On reading these sections together it becomes quite clear that Congress intended to confer upon carriers, transporting goods in interstate commerce, the right to deliver the goods to the true owner, and to make such delivery a complete defense to an action by a shipper who holds an order bill of lading and who sues to recover damages for a failure to deliver the goods to him. The shipment here involved was an interstate shipment and the Federal act applies rather than our own act (chapter 399, p. 573, Laws 1917), although it is practically the same.

We are of the opinion that the facts set forth in the findings sustain the conclusion that the H. & B. Co. became the owner of the hoops when plaintiff delivered them to defendant for shipment, and that defendant had a right to deliver the hoops in accordance with the direction of the H. & B. Co. and was thereby excused from complying with the demand made by plaintiff as the holder of the bill of lading.

The judgment is, therefore, affirmed.