JOSEPHINE WEINSTEIN v. JAMES C. DAVIS.[1]

January 18, 1924.

No. 23,682.

**After shipper has been paid, carrier not liable for failure to get order bill of lading before delivery of goods.**

1. If a carrier delivers the goods to the true owner without a surrender of an order bill of lading, and the shipper who retained the bill was paid for the goods, the carrier is not liable to the shipper merely because it failed to get the bill before it delivered the goods. Banik v. Chicago, M. & St. P. Ry. Co. 147 Minn. 175, followed.

**False representation not validated by subsequent payment.**

2. The agents of the carrier induced the purchaser of the goods to pay the amount of a draft attached to the bill of lading by representing that the shipper had made a claim for the price of the goods and that the carrier had paid the claim. In fact it had not been paid, but was paid later. *Held* that the representation was not made good by such subsequent payment.

**Rulings and charge to jury.**

3. There was no error in the instructions to the jury or in the rulings on the admission of evidence.

Action in the municipal court of St. Paul against the director general of railroads and agent under Transportation Act of 1920 to recover $403 paid under fraudulent representations of the agents of the Northern Pacific Railroad Company. The case was tried be-

[1]Reported in 196 N. W. 933.

fore Rounds, J., and a jury which returned a verdict for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*D. F. Lyons* and *D. R. Frost,* for appellant.

*William J. Horrigan,* for respondent.

LEES, C.

Plaintiff sued to recover $403 he had paid to defendant, alleging that false representations made by defendant's agents induced him to make the payment. A jury returned a verdict in his favor and defendant has appealed from an order denying its alternative motion for judgment or a new trial.

On February 10, 1919, plaintiff, a commission merchant at Butte, Montana, sent a telegram to Boyer Sicard Company, brokers at Minneapolis, confirming the sale to the company of one carload of apples. For some reason he did not ship the apples and there was a claim for damages for breach of the contract of sale. Apparently the company did not make its claim known to plaintiff until more than a month later. On February 16 it offered to sell him root vegetables at specified prices, and on February 18 he telegraphed an order for a carload of beets and parsnips. On February 21 he was informed that the order would be filled if his bank would guarantee payment of the purchase price. This was done and on February 27 the company drew on him for $450 and put the draft through its bank. The draft was paid on March 7. At that time the vegetables were in one of defendant's cars in Minneapolis. When notified of the payment of the draft, the company obtained from defendant an order bill of lading in the standard form. It carried a notation that plaintiff was to be notified when the car arrived at Butte. A draft for the price of the vegetables was attached to the bill of lading and delivered to a bank for collection. When the car arrived at Butte plaintiff obtained possession without paying the draft or surrendering the bill of lading. To get possession, he gave defendant's agent the draft for $450 he had paid and the telegraphic correspondence he had with the Boyer Sicard Company, thus satisfying the agent that

he had paid for and was the owner of the vegetables. Subsequently the company filed a claim against the United States railway administration for $403 'for making delivery without obtaining a surrender of the bill of lading. The matter was called to plaintiff's attention and he was urged to pay the draft and get a release of the bill of lading. He testified that defendant's agent at Butte told him that the Boyer Sicard Company had sued the railway company, that it had paid the claim, and that he (the agent) would have to pay the railway company unless plaintiff made good; that he believed these statements and on March 3, 1920, gave the agent his check for $403, which was paid two days later. It is conceded that defendant did not pay the claim until March 20, 1920. Defendant's agent denied that he made these statements, but, for the purposes of this appeal, plaintiff's version of the conversation must be taken to be true.

1. Defendant's counsel contend that, as a matter of law, a person is not damaged if he is induced by false statements to pay a debt he is legally bound to pay. This assumes that plaintiff was legally bound to pay the claim the Boyer Sicard Company asserted against defendant. Of course he was not bound to pay for the carload of vegetables a second time. He believed the $450 draft he had already paid represented the purchase price of the vegetables, and so did the agent at Butte. When he paid it he did not know that the Boyer Sicard Company was adroitly getting money from him to satisfy its claim arising from the apple transaction. That fact did not come to light until later. Plaintiff was in a position to assert that he was the true owner of the vegetables. If he was, the Boyer Sicard Company could not compel defendant to pay its claim merely because it had allowed plaintiff to take possession of the car without bringing in the bill of lading. Banik v. Chicago, M. & St. P. Ry. Co. 147 Minn. 175, 179 N. W. 899. But, if the Boyer Sicard Company had sued and recovered a judgment which had been paid, plaintiff might have been in duty bound to reimburse the defendant. He testified that he believed statements of defendant's agents to the effect that this was substantially what had occurred; that he had frequently told them not to pay the claim, that the Boyer Sicard Company "cannot come with * * * clean hands * * * and sue the * * *

railroad. * * * Sicard will * * * [not] sue." He was persuaded to pay by a statement which was not true. He was injured notwithstanding the subsequent payment of the claim. His money was used to make good a representation which was not true.

It is urged that the defendant's agents honestly believed that the claim could be enforced and would have to be paid and that plaintiff was legally liable. This was not what he was told and is something quite different from a positive affirmation that the claim had in fact been paid.

2. The court did not err in instructing the jury that, if the Boyer Sicard Company did not have the right to use the proceeds of the $450 draft to satisfy the apple claim, plaintiff had paid for and was the owner of the car of vegetables and the Boyer Sicard Company could not have maintained an action in conversion because defendant had delivered the car without taking up the bill of lading. Banik v. Chicago, M. & St. P. Ry. Co. supra.

3. Over objection, plaintiff was allowed to testify that in the course of a conversation about the claim, which he had with defendant's freight claim supervisor, the latter said he was convinced that the car was paid for before it was shipped and that plaintiff was the owner of the vegetables. Plaintiff related the entire conversation and so did the agent. They contradicted each other. Some portions were immaterial, but there was nothing in them so prejudicial as to require a new trial.

4. On the day he paid the claim, plaintiff wrote to the county attorney of Hennepin county, setting forth his grievance against the Boyer Sicard Company and asking that some action be taken in his behalf. Defendant offered the letter in evidence. The court permitted a portion of it to be read to the jury and excluded the remainder. The letter contains a long rambling account of plaintiff's controversy with the company. It does not state that he had paid the claim because of anything defendant's agents had told him. That circumstance is not of enough importance to warrant a holding that there was prejudicial error in the refusal to allow the whole letter to go to the jury.

The other assignments of error do not require discussion. They have been considered and are deemed to be without merit.

Affirmed.